2007 WY 204

**Terry NEIDLINGER, Sr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

Nos. 06–292, S–07–0062.

Supreme Court of Wyoming.

Dec. 18, 2007.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N.

Kerin, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Daniel M. Fetsco, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   In this consolidated appeal, Terry Neidlinger challenges the order of the district court revoking his probation and sentencing him to a term of incarceration. We reverse and remand for further proceedings.

## ISSUE

[¶ 2]   Neidlinger phrases his sole issue on appeal as follows:

The trial court's revocation of probation on the grounds that Terry Neidlinger would not admit to sexual misconduct in treatment, despite the fact that he had entered a no contest plea, was an abuse of discretion.

## FACTS

[¶ 3]   In February 2006, Neidlinger was charged with two counts of indecent liberties with a minor in violation of Wyo. Stat. Ann. § 14-3-105(a) (LexisNexis 2005)[1] and one count of third degree sexual assault in violation of Wyo. Stat. Ann. § 6-2-304(a)(iii) (LexisNexis 2005).   Pursuant to a plea agreement, Neidlinger pled no contest to one count of indecent liberties on August 21, 2006, in exchange for dismissal of the other charges.   The State provided the factual basis for the plea:

Your Honor, if this made it to trial the state would produce evidence that established that on September 21st of 2005, that [AN] had disclosed to a Johnson Junior High counselor that in mid-August her father had taken her bra off and touched her breasts while he held her down and wrestled with her.   The defendant also had the

victim's younger sister touch her breasts. The defendant further squeezed and pinched the victim's breasts.   Eventually, the victim got away.

The defendant then told her to go to her room where he then took off her pants and then made her lay on the floor for several minutes while he discussed household issues.

[¶ 4]   The district court expressed reservations about the no contest plea and Neidlinger's refusal to admit the criminal conduct but ultimately accepted the plea.   On November 28, 2006, the district court sentenced Neidlinger to a prison term of three to five years but suspended execution of that sentence in favor of four years supervised probation.   The probation conditions included requirements that Neidlinger participate in the Intensive Supervision Program (ISP), submit to a sex offender evaluation and successfully complete a sex offender treatment program. Neidlinger filed a notice of appeal from the Judgment and Sentence, and that appeal comprises Docket No. 06–292.

[¶ 5]   On December 9, 2006, and January 6, 2007, Neidlinger met with Charles Mueller, a sex offender therapist, at the behest of his probation agent.   During both meetings, Neidlinger refused to admit any inappropriate sexual behavior.   Because of Neidlinger's refusal to admit, Mueller did not suggest any further treatment.

[¶ 6]   On January 11, 2007, the State filed a petition to revoke Neidlinger's probation, alleging that Neidlinger had violated the terms of his probation.   The affidavit for revocation specifically alleged:

On or about January 6, 2007, said Defendant was terminated from sex offender counseling.

This is in direct violation of said Defendant's Judgment and Sentence of the Court, Condition Number 14, which states, "Defendant shall submit to and pay for a sex offender evaluation by a sex offender counselor approved of [by] the probation agent and successfully complete any subse-

---

1.   The indecent liberties statute has since been   repealed.   2007 Wyo. Sess. Laws, 393.

quently recommended sex offender counseling at his own expense."

This is also a violation of said Defendant's ISP Agreement, signed and dated November 29, 2006, Condition Number 6, which states, "I will submit to any and all evaluations deemed necessary by ISP agents, at my own expense, and adhere to any and all recommendations resulting from those evaluations," and Condition Number 7, which states, "I will actively participate in any treatment/counseling and/or training programs recommended by ISP agents, at my own expense." [Emphasis omitted.]

[¶ 7] The district court conducted a revocation hearing on February 7, 2007. At the conclusion of that hearing, the district court determined that Neidlinger had violated the terms of his probation. Specifically, the district court concluded that, because he failed to admit any sexual misconduct, Neidlinger effectively failed to comply with the requirement that he submit to a sex offender evaluation. The court revoked Neidlinger's probation and re-imposed the underlying three- to five-year prison sentence. Neidlinger filed a notice of appeal from the order revoking his probation, and that appeal comprises Docket No. S–07–0062. At Neidlinger's request, this Court consolidated the two appeals.

### STANDARD OF REVIEW

[¶ 8] We review a trial court's decision to revoke probation under the abuse of discretion standard. *Sami v. State*, 2004 WY 23, ¶ 15, 85 P.3d 1014, 1019 (Wyo.2004); *Anderson v. State*, 2002 WY 46, ¶ 25, 43 P.3d 108, 118 (Wyo.2002). "Determining whether the trial court abused its discretion involves the consideration of whether the court could reasonably conclude as it did, and whether it acted in an arbitrary or capricious manner." *Dysthe v. State*, 2003 WY 20, ¶ 16, 63 P.3d 875, 883 (Wyo.2003).

### DISCUSSION

[¶ 9] As a preliminary matter, in his brief Neidlinger does not present any argument directly challenging the legality of his conviction and sentence underlying the appeal in Docket No. 06–292. Consequently, we sum-marily affirm in all respects the original Judgment and Sentence entered on November 30, 2006.

[¶ 10] We now turn to the question whether the district court abused its discretion in revoking Neidlinger's probation. The conflict between the parties comes down to whether Neidlinger was required to admit his criminal sexual conduct in order to comply with the probation requirement that he submit to a sex offender evaluation. The district court stated during the revocation hearing:

I believe that the responsibility for determining what this judgment and sentence means is mine. The responsibility for determining what the word means is mine. In my mind Mr. Neidlinger still has not submitted himself to an evaluation. He refused to do that by refusing to admit that he had done anything wrong. Submitting to an evaluation connotes several things. It means calling up and saying, I'm here, I want to come to talk to you about it. And then having a conversation about it.

Submitting to an evaluation also means that under the setting of this particular combination of circumstances that there must be an admission of responsibility. Mr. Neidlinger has refused to admit that responsibility.

It is my conclusion as a finding of fact after hearing the evidence, after hearing Mr. Mueller testify, after hearing comments of counsel that by failing to admit that he did anything wrong, he failed to submit himself to an evaluation.

... He failed to admit that the allegations of his daughter, Mr. Neidlinger's daughter, were accurate and correct. He failed to submit himself, he failed to present himself to the examination, and the evaluation of himself as a sex offender.

. . . .

So it is my finding that Mr. Neidlinger has violated the terms of his probation by failing to complete—and it's not even a close call in my mind—submission means submission. That means walking in and admitting what he did. He failed to sub-

mit to an evaluation. I don't read that sentence the same way [Defense Counsel] does. Mr. Mueller's testimony is very clear that there can be no recommendation until he submits, he gives up himself. He presents himself without any reservation for evaluation. He didn't do that. He walked in and said I didn't do this crime. And as a result, he didn't present himself morally, physically, mentally in any fashion to be evaluated.

Neidlinger, of course, disagrees that he was under any compulsion to admit the criminal conduct as a requirement to fulfilling the condition of submission to an evaluation.

[¶ 11] Regrettably, we must agree with Neidlinger that admission of criminal conduct was not a probationary requirement. The probationary condition at issue simply required Neidlinger to "submit to and pay for a sex offender evaluation by a sex offender counselor approved of by the probation agent." While the district court certainly could have conditioned Neidlinger's probationary status on Neidlinger's admission of criminal conduct to the sex offender evaluator, it did not expressly do so. By requiring Neidlinger to admit criminal conduct as part of the evaluation, the district court extended the probationary condition beyond its express language.

[¶ 12] Further, there is no indication in the record that Neidlinger was ever advised he would have to admit to criminal conduct in order to fulfill that condition. As a matter of due process, a probationer must know and understand what is expected of him in order to maintain his probationary status. Otherwise, an alleged violation cannot be considered willful as required under law to justify a probation revocation. *Anderson*, ¶ 26, 43 P.3d at 118 ("in order to revoke probation for the violation of a condition of probation not involving the payment of money, the violation must be willful, or, if not willful, must presently threaten the safety of society") (citing *Kupec v. State*, 835 P.2d 359, 362 (Wyo.1992)); *see also Johnson v. State*, 6 P.3d 1261, 1263 (Wyo.2000).

[¶ 13] In this case, Neidlinger never admitted to the criminal conduct underlying his conviction. Under the circumstances, it is unreasonable to assume that Neidlinger would reverse course without express direction from the district court. Without such express direction, we believe Neidlinger could not have anticipated the district court's construction of the term "submit." Given the state of affairs, Neidlinger's failure to admit to criminal conduct cannot be considered a willful violation of a condition of probation.

[¶ 14] We find Neidlinger complied with the condition of probation that he submit to a sex offender evaluation. He met with Mueller, the probation officer's chosen sex offender counselor, on two separate occasions. Mueller testified at the revocation hearing that he completed a sex offender evaluation on Neidlinger. We understand the district court's frustration that the evaluation did not go as it envisioned, but the evaluation was consistent with the requirements of Neidlinger's probation.

## CONCLUSION

[¶ 15] We summarily affirm Neidlinger's conviction for indecent liberties in Docket No. 06–292 because Neidlinger did not present any argument directly challenging that conviction. For the reasons set out above, we reverse the order of the district court revoking Neidlinger's probation and re-imposing the original three- to five-year prison sentence and remand for further proceedings consistent with this opinion.