# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 111

OCTOBER TERM, A.D. 2019

November 6, 2019

MICHAEL ANGELO SENA, JR.,

Appellant
(Defendant),

v.

S-19-0026

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*

Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Desiree Wilson, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Samuel Williams, Assistant Attorney General.

*Before FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ., and DEEGAN, D.J.*

*BOOMGAARDEN, J., delivers the opinion of the Court; FOX, J., files a dissenting opinion in which DEEGAN, D.J., joins.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN**, Justice.

[¶1]    Michael Angelo Sena, Jr. appeals the district court's order revoking his probation in Docket 33-549 and imposing sentence. Mr. Sena contends that the court did not have authority to revoke his probation because the probation violation did not "occur[] during the probationary period," as required by Wyoming Statute § 7-13-305(c). He also contends that, even if the court had authority to revoke his probation, it abused its discretion because there was no evidence to support a finding that he violated the probation condition willfully. We affirm.

## ISSUES

[¶2]    Mr. Sena raises two issues, which we rephrase as:

> 1. Did the district court have authority to revoke Mr. Sena's probation?
>
> 2. If the district court had authority, did the court abuse its discretion when it revoked Mr. Sena's probation?

## FACTS

[¶3]    Mr. Sena's probation revocation proceedings in Docket 33-549 are closely related to his probation revocation proceedings in Docket 32-612. The same district court judge presided over both cases and held several combined hearings as the cases became increasingly intertwined. Consequently, we discuss facts pertaining to both cases, beginning with Docket 32-612.

[¶4]    In June 2015, the State charged Mr. Sena in Docket 32-612 with failing to report a change of address to law enforcement within three days, in violation of Wyoming's sex offender registration statutes. Mr. Sena reached a plea agreement with the State and pled guilty to that offense. The court sentenced him to three to five years, suspended execution of the sentence, and placed him on probation for three years.

[¶5]    Nearly two years later, at the end of March 2017, the State filed a petition to revoke Mr. Sena's probation because, as of March 23, he "ha[d] not made any payments on his restitution"; "ha[d] not returned any calls from [his Probation and Parole Agent] and had a no call/no show for his office visit"; his whereabouts were unknown; and he had not completed "his UA call in's sanction."

[¶6]    Two days after the State filed the petition, the State charged Mr. Sena in Docket 33-549 with failing to report a change of address to law enforcement, subsequent offense, in violation of Wyoming's sex offender registration statutes. Mr. Sena reached a plea

1

agreement with the State in which he agreed to plead no contest to the charge and admit to violating his probation in Docket 32-612.

[¶7]    Approximately one year later, in May 2018, the court held a combined probation revocation and sentencing hearing.  In Docket 32-612, the court revoked Mr. Sena's probation and reinstated the three-year probation term.  In Docket 33-549, the court sentenced Mr. Sena to three to five years, suspended in favor of three years of probation, to "run consecutive[] to the probationary sentence set forth in 32-612."

[¶8]    The following month, the State filed a petition to revoke Mr. Sena's probation in both cases based on his conduct between June 13 and 15.  In Docket 32-612, the State alleged that Mr. Sena committed three probation violations:

> 1. On or about June 15, 2018 said Defendant admitted to consuming alcohol on this date as well as consuming alcohol on June 14, 2018.
>
> . . . .
>
> 2. On or about June 13, 2018 said Defendant provided a positive [Blood Alcohol Content] sample of .103%.  Said Defendant left the Cheyenne Field Office after providing this sample and being instructed not to leave the office.
>
> . . . .
>
> 3. Said Defendant reported false employment to his probation agent.

[¶9]    In Docket 33-549, the State alleged Mr. Sena committed one violation:

> 1. The Defendant's whereabouts were unknown from June 13, 2018 until his arrest on June 15, 2018.

[¶10]   Several months later, the court held a combined probation revocation hearing in which it addressed all four allegations.  At the hearing, the court read each allegation to Mr. Sena and he admitted each allegation.  After Mr. Sena admitted the allegation in Docket 33-549 that his "whereabouts were unknown from June 13th to 15th, 2018," the court found "just given the nature of the allegations and the fact that [Mr. Sena is] under oath, [he] has provided a factual basis for most of the allegations."  The only allegation about which the court asked follow-up questions of Mr. Sena was the false employment allegation because the Probation and Parole Agent's affidavit did not include the date on which he committed that violation.

[¶11]  The court revoked Mr. Sena's probation in both cases and imposed the underlying consecutive sentences of three to five years.  Mr. Sena filed a timely notice of appeal in both cases, but voluntarily dismissed his appeal in Docket 32-612.

## *DISCUSSION*

### I. The district court had authority to revoke Mr. Sena's probation in Docket 33-549.

[¶12]  In his first issue, Mr. Sena argues that the district court did not have subject matter jurisdiction or authority to revoke his probation in Docket 33-549 because his probation violation did not "occur[] during the probationary period" under Wyoming Statute § 7-13-305(c).  He maintains that because the court ordered he serve his probation in Docket 33-549 consecutive to his probation in Docket 32-612—and he was still serving probation in Docket 32-612 when he committed the probation violation at issue—it could not revoke his probation in Docket 33-549.  We conclude that the court had the necessary statutory authority to revoke Mr. Sena's probation.

[¶13]  "Whether the district court had the authority to revoke probation is a question of law which we review *de novo*." *DeMillard v. State*, 2014 WY 105, ¶ 8, 332 P.3d 534, 536 (Wyo. 2014) (citation omitted).[1]  "A trial court's authority over probation, like all sentencing functions, comes from the legislature." *Harada v. State*, 2016 WY 19, ¶ 16, 368 P.3d 275, 280 (Wyo. 2016) (citations omitted).  "By statute, probation is defined as 'a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions.'" *Id.* ¶ 17, 368 P.3d at 281 (quoting Wyo. Stat. Ann. § 7-13-401(a)(x) (LexisNexis 2015)).  "The governing statutes flesh out the sentencing court's authority to revoke or modify probation." *Id.*

[¶14]  To determine whether the district court had authority to revoke Mr. Sena's probation under Wyoming Statute § 7-13-305(c), "we apply our usual rules of statutory interpretation: 'Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute.  Initially, we determine whether the statute is clear or ambiguous.'" *Phoenix Vintners, LLC v. Noble*, 2018 WY 87, ¶ 15, 423 P.3d 309, 313 (Wyo. 2018) (quoting *Spreeman v. State*, 2012 WY 88, ¶ 10, 278 P.3d 1159, 1162 (Wyo. 2012)).

[¶15]  If we determine a statute is ambiguous, meaning that it is "vague or uncertain and subject to varying interpretations," *id.* (quoting *Brock v. State ex rel. Wyoming Workforce*

---

[1] Mr. Sena asserts that the district court did not have subject matter jurisdiction to revoke his probation. The pertinent question, however, is whether the district court had authority to revoke Mr. Sena's probation. *See Gunsch v. State*, 2019 WY 79, ¶ 8, 444 P.3d 1278, 1280–81 (Wyo. 2019) (citations omitted) (explaining that "[D]istrict court[s] . . . have original jurisdiction of all causes both at law and in equity and in all criminal cases . . . and of such special cases and proceedings as are not otherwise provided for.").

*Servs., Unemployment Ins. Div.*, 2017 WY 47, ¶ 8, 394 P.3d 460, 462–63 (Wyo. 2017)), "we apply general principles of statutory construction 'to construe any ambiguous language to accurately reflect the intent of the legislature.'" *Matter of Estate of Frank*, 2019 WY 4, ¶ 8, 432 P.3d 885, 887 (Wyo. 2019) (citation omitted). "We 'read the statutes together, and construe statutes relating to the same subject in harmony.'" *Id.* (citation omitted).

[¶16] Wyoming Statute § 7-13-305(c) addresses the commencement of probation revocation proceedings and states:

> For a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced at any time during the period of suspension of sentence or probation under W.S. 7-13-302, or within thirty (30) days thereafter, in which case the court may issue a warrant and cause the defendant to be arrested. If after hearing the court determines that the defendant violated any of the terms of probation or suspension of sentence, the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered.

Wyo. Stat. Ann. § 7-13-305(c) (LexisNexis 2019).[2]

[¶17] Using the conjunction "or", § 7-13-305(c) identifies three alternative time periods in which probation revocation proceedings may commence "[f]or a violation of a condition of probation occurring during the probationary period[.]" *Id.* First, the statute provides that, "[f]or a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced **at any time during the period of suspension of sentence . . . under W.S. 7-13-302**[.]" *Id.* (emphasis added). Second, the statute provides that, "[f]or a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced **at any time during the period of . . . probation under W.S. 7-13-302**[.]" *Id.* (emphasis added). And third, the statute permits the court to commence proceedings "[f]or a violation of a condition of probation occurring during the probationary period, . . . **within thirty (30) days** [after the period of suspension of sentence or probation under W.S. 7-13-302]." *Id.* (emphasis added). In sum, § 7-13-305(c) allows a court to commence probation revocation proceedings before, during, and after that window of time during which an offender is actually serving his probationary sentence, provided that the violation occurred "during the probationary period." *See id.*; Wyo. Stat. Ann. § 7-13-302(a).

---

[2] During the 2019 General Session, the legislature amended many portions of Wyoming's probation statutes. 2019 Wyo. Sess. Laws ch. 101 (amending Wyoming Statute §§ 7-13-301(a), (b), 7-13-302(b), 7-13-305(a), 35-7-1037); 2019 Wyo. Sess. Laws ch. 37 (amending Wyoming Statute §§ 7-13-302(a), 7-13-305(a), and 7-13-407(a)(iv)). None of those amendments are relevant to this appeal.

[¶18]   Neither party expressly contends that § 7-13-305(c) is ambiguous.  However, the parties disagree about the meaning of the phrase "probationary period" in the first clause of the first sentence of subsection (c) and how that phrase relates to the alternative commencement periods.  Mr. Sena argues that "probationary period" as used in the first clause of the first sentence means the same thing as "period of . . . probation" in the second clause of that sentence.  The State argues that "probationary period" must encompass both the "period of . . . probation" and the "period of suspension of sentence" to give effect to every word, clause and sentence of the statute—particularly the word "or".  "Divergent opinions among parties as to the meaning of a statute may be evidence of ambiguity, but the fact that opinions may differ as to a statute's meaning is not conclusive of ambiguity." *Bohling v. State*, 2017 WY 7, ¶ 18, 388 P.3d 502, 506 (Wyo. 2017) (citing *Campbell Cty. Sch. Dist. v. Catchpole*, 6 P.3d 1275, 1285 (Wyo. 2000)).

[¶19]   We conclude that the phrase "probationary period" in the first clause of the first sentence of subsection (c) is ambiguous.  We therefore apply rules of statutory construction to construe this "language to accurately reflect the intent of the legislature."  *Estate of Frank*, ¶ 8, 432 P.3d at 887 (citation omitted).  As applied to § 7-13-305(c) and related statutes, the rules of statutory construction demonstrate that the legislature intended the phrase "probationary period" to encompass the first two revocation proceeding commencement periods: the time during which a sentence is suspended, and the time during which probation is being served.  Consequently, "[f]or a violation of a condition of probation occurring during" either the period of suspension of sentence or the period of probation, a court may commence revocation proceedings at any of the three time periods set forth in § 7-13-305(c).

[¶20]   In reaching this conclusion we first presume the legislature understood the difference between, and intended to give effect to, each of the three commencement periods clearly set forth in the second clause of the first sentence.  *Phoenix Vintners, LLC*, ¶ 15, 423 P.3d at 313.  If we interpret "probationary period" in the introductory clause to mean that an actionable violation must occur during that time when the clock is actually running on a consecutive probationary sentence, as Mr. Sena suggests, the court's express authority to commence a revocation proceeding "during the period of suspension of sentence" would be rendered meaningless.  The only plausible reason for the legislature to include the "period of suspension of sentence" in § 7-13-305(c) is to account for circumstances like Mr. Sena's in which the court sentences the defendant to a consecutive term of probation.[3]  We "will not interpret a statute in a way which renders any portion of it meaningless[.]" *Adekale v. State*, 2015 WY 30, ¶ 13, 344 P.3d 761, 765–66 (Wyo. 2015) (citation omitted).

---

[3] The legislature reinforced this disjunctive reference to "suspension of sentence" or "probation" in the last sentence of Wyoming Statute § 7-13-305(c) where it authorizes the court to "proceed to deal with the case as if no suspension of sentence or probation had been ordered" if, "after [a] hearing[,] the court determines that the defendant **violated any of the terms of probation or suspension of sentence**." Wyo. Stat. Ann. § 7-13-305(c) (emphasis added).  This language further supports our interpretation of "probationary period" in that it acknowledges the possibility the defendant might violate the terms of the suspended sentence.

5

Accordingly, we will not interpret § 7-13-305(c) to divest the court of its clear authority to initiate revocation proceedings "during the period of suspension of sentence."

[¶21] Mr. Sena's argument that the meaning of "probationary period" is the same as "period of . . . probation" further overlooks the structural difference between those two phrases. "It is a common rule of statutory construction that 'when the legislature used certain language in one part of the statute and different language in another, the court assumes different meanings were intended.'" *In re Kite Ranch, LLC*, 2010 WY 83, ¶ 20, 234 P.3d 351, 359 (Wyo. 2010) (quoting 2A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 46:6 (7th ed. 2007) (other citations omitted)). The relevance of the legislature's distinct use of the phrases "probationary period" and "period of probation" in subsection (c) is evident when we read § 7-13-305(c) *in pari materia* with the sentencing court's express authority to suspend the execution of a sentence and place a defendant on probation under § 7-13-302(a), and the legislature's broad definition of "probation" at § 7-13-401(a)(x). *Bd. of Cty. Comm'rs of Teton Cty. v. Crow*, 2003 WY 40, ¶ 40, 65 P.3d 720, 733 (Wyo. 2003) (quoting *Shumway v. Worthey*, 2001 WY 130, ¶ 8, 37 P.3d 361, 365(Wyo. 2001)) (noting that "[a]ll statutes must be construed *in pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony.").

[¶22] "'Probation' means a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to . . . resentence the offender if he violates the conditions." Wyo. Stat. Ann. § 7-13-401(a)(x) (LexisNexis 2019). This definition contains no language to suggest that once the sentencing court imposes "probation," there may be temporal limits on the conditions of that sentence or on the court's authority to enforce that sentence if the court has directed the probation to run consecutive to another sentence.

[¶23] Rather, reading § 7-13-401(a)(x) together with §§ 7-13-302 and -305(c), it is apparent that the court properly exercised its retained authority when, following Mr. Sena's no contest plea, it suspended the execution of his sentence in Docket 33-549 and placed him on supervised probation under § 7-13-302.[4] Then, after Mr. Sena violated the conditions of the probationary sentence imposed in Docket 33-549, the court commenced probation revocation proceedings against Mr. Sena under § 7-13-305(c), during the period in which the execution of that sentence was suspended. In other words, "probationary period," when read in harmony with this statutory scheme, means any time after a court suspends the execution of a sentence and places a defendant on supervised probation, until he finishes serving that probationary sentence. We will not interpret the phrase "probationary period" in a manner that would undercut the court's authority to manage

---

[4] In the Judgment and Sentence in Docket 33-549, the court ordered Mr. Sena's probation to "continue for a period of three (3) years from the date first appearing on this Order or until further order of [the] Court hereinafter according to law and [] run consecutive with Laramie County District Court 32-612."

compliance with a sentence of "probation" that has been imposed, but not yet served. *See* Wyo. Stat. Ann. § 7-13-401(a)(x).

## II. The district court did not abuse its discretion when it revoked Mr. Sena's probation.

[¶24] In his second issue, Mr. Sena argues that, even assuming the district court had authority to revoke his probation in Docket 33-549, the court abused its discretion when it did so. He mainly challenges the court's "implied finding" that he violated his probation willfully, asserting that there were no facts in the record which could support a willfulness finding.[5] We address this claim and his related arguments, but find no abuse of discretion.

[¶25] "We review probation revocation proceedings under an abuse of discretion standard." *Brumme v. State*, 2018 WY 115, ¶ 11, 428 P.3d 436, 441 (Wyo. 2018) (citation omitted). "A district court's decision to revoke probation and impose a sentence is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion." *Id.* (quoting *Forbes v. State*, 2009 WY 146, ¶ 6, 220 P.3d 510, 512–13 (Wyo. 2009)).

> Although the district court's decision must be based upon verified facts and the defendant must be afforded due process, all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that the defendant willfully violated a condition of his probation.

*Id.* (quoting *Miller*, ¶ 10, 350 P.3d at 745).

[¶26] Wyoming Rule of Criminal Procedure 39 governs probation revocation. *Crouse v. State*, 2017 WY 133, ¶ 10, 405 P.3d 216, 219 (Wyo. 2017). Probation revocation is a two-part process. *Id.* In "the adjudicatory phase, the question is whether the probationer violated a condition of his probation." *Id.* (citation omitted). If the court finds a violation, then it proceeds to "the dispositional phase, in which the court must 'determine the appropriate consequences of the probationer's violation.'" *Id.* (citation omitted). The court addresses whether a probation violation was willful in the dispositional phase. *Id.* (citing *Sinning v. State*, 2007 WY 193, ¶ 10, 172 P.3d 388, 390 (Wyo. 2007)).

---

[5] The district court did not expressly find Mr. Sena's conduct willful at the October 18, 2018, probation revocation hearing or in its order revoking probation. As Mr. Sena acknowledges, the court was not required to do so. *See Miller v. State*, 2015 WY 72, ¶ 9, 350 P.3d 742, 745 (Wyo. 2015) (rejecting the appellant's argument that "the district court committed reversible error by failing to expressly rule that his probation violations were willful").

7

[¶27] In this context, the term "[w]illfully means intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly." *Edrington v. State*, 2008 WY 70, ¶ 9, 185 P.3d 1264, 1267 (Wyo. 2008) (citation omitted). "Whether or not a violation was willful is a matter of intent, which is a question of fact." *Id.* (quoting *Bryant v. State*, 7 Wyo. 311, 56 P. 596, 597 (Wyo. 1899)). "We will not disturb the trial court's determination that Appellant willfully violated his probation unless that determination was clearly erroneous." *Id.* (citation omitted). A court may infer from the evidence presented that a probation violation was willful. *See, e.g.*, *Kupec v. State*, 835 P.2d 359, 363 (Wyo. 1992) (finding the district court could reasonably infer from the appellant's level of intoxication that she "willfully consumed alcohol in violation of her probation").

[¶28] At the combined probation revocation hearing in Dockets 33-549 and 32-612, Mr. Sena admitted each probation violation. He never contended that any of his probation violations were not willful.[6] The district court could reasonably infer from Mr. Sena's admission to the factual allegation in Docket 33-549 and two of the three factual allegations in Docket 32-612 that his probation violation in Docket 33-549 was willful.

[¶29] At the revocation hearing, Mr. Sena admitted that he violated his probation in Docket 33-549 because his "whereabouts were unknown from June 13th to 15th, 2018." Mr. Sena's admissions in Docket 32-612 provided the court context as to why his whereabouts were unknown during that time period. Mr. Sena admitted that on June 13, the date his whereabouts became unknown, he left the Cheyenne Field Office after providing a blood sample and being instructed not to leave the office. The sample ultimately showed a Blood Alcohol Content of .103%, in violation of probation terms that prohibited him from consuming alcohol. During the period in which his whereabouts were unknown, Mr. Sena continued to consume alcohol. These admitted facts strongly suggest that Mr. Sena's whereabouts were unknown from June 13 until his arrest on June 15 because he did not want to face the consequences for violating the terms of his probation by drinking alcohol and he wanted to continue to drink. The district court could reasonably infer from these same facts that Mr. Sena willfully violated the term of his probation.

---

[6] Similarly, in *DeMillard v. State*, 2013 WY 99, ¶¶ 15, 308 P.3d 825, 830 (Wyo. 2013), Mr. DeMillard did not argue to the district court that his conduct was not willful. The State contended that Mr. DeMillard had the burden at the probation revocation hearing of proving that his conduct was not willful. *Id*. ¶16, 308 P.3d at 830. However, we noted that "[w]e have never had occasion to determine which party has the burden of proving the willfulness of the defendant's conduct in a probation revocation proceeding that does not involve the payment of money." *Id.* (footnote omitted). We did not resolve the burden of proof issue because we found ample evidence in the record to support the conclusion that Mr. DeMillard's conduct was willful. *Id.* ¶ 16, n.1, 308 P.3d at 830, 830 n.1. We need not resolve the issue here because neither party has raised it, and, as in *DeMillard*, the record supports the district court's conclusion that Mr. Sena's conduct was willful.

[¶30] Mr. Sena asserts that "[i]n other cases in which the district court's finding as to willfulness has been upheld, and where there was no abuse of discretion, there was evidence in the record to support the finding." These cases are easily distinguished. In the cases to which Mr. Sena draws our attention, the defendants denied violating probation, necessitating presentation of additional evidence in support of the allegations. *Cf. Bazzle v. State*, 2019 WY 18, ¶ 10, 434 P.3d 1090, 1094 (Wyo. 2019) (noting that Mr. Bazzle denied the allegation that he had violated the terms of his probation and filed a memorandum asserting that he had not willfully violated his probation); *Sharp v. State*, 2008 WY 142, ¶¶ 9, 11, 196 P.3d 802, 804–05 (Wyo. 2008) (noting that while the petition alleged that Sharp left the treatment facility without permission and refused to take his prescribed medication, he argued that he did not act willfully and testified to that effect); *Ramsdell v. State*, 2006 WY 159, ¶¶ 21–22, 149 P.3d 459, 464 (Wyo. 2006) (citation omitted) (noting that "[o]nce the State demonstrated a failure to pay, the burden shifted to Mr. Ramsdell to establish that he had an inability to pay restitution" and he testified concerning the reasons for his failure to pay). Here, Mr. Sena admitted to the factual allegations contained in the Probation and Parole Agents' affidavits. Moreover, the fact that more evidence supported revocation in other cases does not mean there was insufficient evidence to support revocation in this case.

[¶31] Mr. Sena also draws our attention to *Neidlinger v. State*, where we recognized that "[a]s a matter of due process, a probationer must know and understand what is expected of him in order to maintain his probationary status. Otherwise, an alleged violation cannot be considered willful as required under law to justify a probation revocation." 2007 WY 204, ¶ 12, 173 P.3d 376, 379 (Wyo. 2007) (citing *Anderson v. State*, 2002 WY 46, ¶ 26, 43 P.3d 108, 118 (Wyo. 2002)). He asserts that the district court erred when it revoked his probation because there is no evidence in the record which would shed light on whether he knew and understood what was expected of him with regard to making his whereabouts known on June 13, 14, and 15, 2018. This case does not present the due process problem we identified in *Neidlinger*, nor does *Neidlinger* stand for the proposition that the record must contain express facts shedding light on whether the defendant knew and understood the probation condition he violated.

[¶32] In *Neidlinger*, the district court allowed Mr. Neidlinger to plead no contest to one count of indecent liberties with a minor. *Id.* ¶¶ 3–4, 173 P.3d at 377. Because Mr. Neidlinger pled no contest, he did not admit his guilt for that offense. *See Johnson v. State*, 6 P.3d 1261, 1262 n.1 (Wyo. 2000). The court sentenced him to three to five years, suspended in favor of four years of supervised probation. *Neidlinger*, ¶ 4, 173 P.3d at 377. Among other probation conditions, the court required Mr. Neidlinger submit to a sex offender evaluation and successfully complete a sex offender treatment program. *Id.* Mr. Neidlinger met with a sex offender therapist but refused to admit to any inappropriate sexual behavior. *Id.* ¶ 5, 173 P.3d at 377. As a result, the therapist did not suggest any further treatment. *Id.* The court ultimately revoked Mr. Neidlinger's probation, concluding

9

"that, because he failed to admit any sexual misconduct, [he] effectively failed to comply with the requirement that he submit to a sex offender evaluation." *Id.* ¶ 7, 173 P.3d at 378.

[¶33] We reversed because the district court extended the probation condition, which required Mr. Neidlinger "to 'submit to and pay for a sex offender evaluation by a sex offender counselor approved of by the probation agent,'" beyond its express language. *Id.* ¶ 11, 173 P.3d at 379. In addition, the court never expressly conditioned his probationary status on admission of criminal conduct to the sex offender evaluator, and never advised him that he would have to admit to criminal conduct to fulfill the conditions the court imposed. *Id.* ¶ 12, 173 P.3d at 379. Accordingly, Mr. Neidlinger's failure to admit to criminal conduct could not be considered a willful violation of a condition of probation. *Id.* ¶ 13, 173 P.3d at 379.

[¶34] Mr. Sena's situation is much different than Mr. Neidlinger's. First, the district court did not extend the probation condition beyond its express condition. Second, the court's basis for revoking probation was not at odds with his plea. Third, Mr. Sena, unlike Mr. Neidlinger, admitted the probation violation.

[¶35] Mr. Sena's final argument is that the district court abused its discretion when it revoked his probation because, based on the information the court relied on to revoke his probation in Docket 32-612, he had contact of some kind with his probation officer on June 13 because he provided a breath sample on that date. He asserts that this would tend to indicate that his whereabouts were not, in fact, entirely unknown on June 13, as alleged in the petition to revoke probation. Mr. Sena's argument is untenable if for no other reason than it fails to account for the fact that he admitted his whereabouts were unknown on June 14 and 15, until his arrest.

[¶36] We conclude that the district court did not abuse its discretion when it revoked Mr. Sena's probation.

## *CONCLUSION*

[¶37] The district court had authority under Wyoming Statute § 7-13-305(c) to revoke Mr. Sena's probation in Docket 33-549 and did not abuse its discretion when it did so. We affirm the district court's order revoking Mr. Sena's probation and imposing sentence.

10

**FOX, Justice**, dissenting, in which **DEEGAN, District Judge**, joins.

[¶38] I respectfully dissent. I do not agree that Wyo. Stat. Ann. § 7-13-305(c) is ambiguous or that it allows a court to revoke a probationary sentence that a defendant has not begun serving.

[¶39] The plain language of Wyo. Stat. Ann. § 7-13-305(c) permits revocation proceedings only "For a violation of a condition of probation occurring *during the probationary period*[.]" (Emphasis added.) I see no other reasonable interpretation of that language but that the defendant must actually be serving the probationary sentence he is accused of violating before it can be revoked. The district court's authority to commence revocation proceedings "at any time during the period of suspension of sentence or probation under W.S. 7-13-302" does not nullify that straightforward requirement. Instead, that language refers to the types of probationary sentences available under Wyo. Stat. Ann. § 7-13-302. Section 302 permits a district court to: "(i) Suspend the imposition or execution of sentence and place the defendant on supervised or unsupervised probation; or (ii) Impose a fine applicable to the offense and place the defendant on supervised or unsupervised probation." Thus, a district court may either impose probation that includes suspension of the underlying sentence or it may forego suspension in favor of a fine and probation. *See Daugherty v. State*, 2002 WY 52, ¶ 43, 44 P.3d 28, 41 (Wyo. 2002) (identifying "straight probation," "probation with suspended imposition of sentence," and "probation with suspended sentence" as the types of probationary sentences available under Wyo. Stat. Ann. § 7-13-302).

[¶40] In my view, section 305(c)'s language referring to "the period of suspension of sentence or probation under W.S. 7-13-302" merely refers to the probationary sentences available under section 302 and clarifies that any type of probation imposed under that section is subject to revocation. Construing section 305(c) to mean that revocation proceedings may be commenced "before . . . that window of time during which an offender is actually serving his probationary sentence" reads out the requirement that a probation violation occur during the probationary period and leads to the absurd result that a court may revoke probation for violation of a probationary condition not yet in effect. *Adekale v. State*, 2015 WY 30, ¶ 13, 344 P.3d 761, 765-66 (Wyo. 2015) ("This Court will not interpret a statute in a way which renders any portion of it meaningless or in a manner producing absurd results."). I would hold that section 305(c) did not grant the district court authority to revoke a probationary sentence that Mr. Sena had not begun serving.[7]

---

[7] Because that issue is dispositive, I would not consider whether the district court abused its discretion in revoking Mr. Sena's probation.