# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 90

### APRIL TERM, A.D. 2021

#### August 4, 2021

MIGUEL ROLANDO
BERNAL-MOLINA,

Appellant
(Defendant),

v.

S-20-0204

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
The Honorable Michael N. Deegan, Judge

*Representing Appellant:*

Office of the State Public Defender:  Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; H. Michael Bennett, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\* Chief Justice at time of brief-only conference.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    A jury convicted Miguel Rolando Bernal-Molina of three counts of third-degree sexual abuse of a minor between the ages of 13 and 15 years.  Mr. Bernal-Molina claims the district court improperly instructed the jury on his theory of defense that he reasonably believed the victim was at least 16 years old.  We affirm.

## ISSUES

[¶2]    The broad issue on appeal is:  Did the district court abuse its discretion by improperly instructing the jury on Mr. Bernal-Molina's theory of defense?  The sub-issues are:

   a.  Did the district court err by defining "reasonable belief" for the jury?

   b.  Did the district court err by refusing to instruct the jury on the details of Mr. Bernal-Molina's theory of defense?[1]

## FACTS

[¶3]    On July 4, 2018, fifteen-year-old AS took her three younger siblings outside to watch fireworks in the trailer park where they lived in Gillette, Wyoming.  Other children also gathered to watch the fireworks, including Mr. Bernal-Molina's twelve-year-old daughter and ten-year-old son.  AS, Mr. Bernal-Molina's daughter, and a third girl used a ladder to climb onto the roof of Mr. Bernal-Molina's trailer for a better view of the fireworks.  Mr. Bernal-Molina, who was then 34 years old, helped the girls as they used the ladder.

[¶4]    Later, the children decided to play hide and seek.  Mr. Bernal-Molina joined them and, as they were discussing the rules of the game, he twice grabbed AS's buttocks.  She objected each time.  The children separated to begin the game, and Mr. Bernal-Molina accompanied AS and four other children.  While the group was walking, Mr. Bernal-Molina stuck his hand down the back of AS's pants and "shoved his hand in-between [her] butt cheeks," touching her anus.  He also "forcefully" placed her hand on his penis inside

---

[1] Mr. Bernal-Molina makes a passing argument at the end of his brief that the district court erred by failing to rule on his motion for judgment of acquittal and a new trial.  Under Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 29(c), the district court may enter a judgment of acquittal within 10 days after a motion is filed but, if the court does not enter a judgment of acquittal or grant a continuance within the 10-day period, the motion is deemed denied.  Except in limited circumstances not applicable here, if a district court fails to rule on a motion for a new trial within 15 days after it is filed, it is deemed denied.  W.R.Cr.P. 33(b).  Under these rules, Mr. Bernal-Molina's motion for judgment of acquittal and a new trial was deemed denied.  He did not specifically appeal the denial, and he does not make an independent argument on appeal that the denial was erroneous.

1

his pants. When they were done playing hide and seek, the group walked to a basketball court, and Mr. Bernal-Molina again put his hand down AS's pants and touched her anus. She "got really upset" and went home. AS called 911 to report the incident.

[¶5]   Gillette police officers interviewed Mr. Bernal-Molina at the police station, and the interview was recorded. At first, he denied touching AS inappropriately and said the only time he touched her was when he was helping her on and off the ladder to his roof. However, after the officers told him they were going to have AS's clothes tested for his DNA, he admitted he put his hand down her pants and took her hand and placed it in his pants on his penis.

[¶6]   The State charged Mr. Bernal-Molina with three counts of third-degree sexual abuse of a minor for having sexual contact with a victim who was 13 through 15 years old. Wyo. Stat. Ann. § 6-2-316(a)(i) (LexisNexis 2021). The case proceeded to a jury trial. Mr. Bernal-Molina defended the charges by claiming he reasonably believed AS was 16 or 17 years old. The jury found him guilty on all three counts, and the district court sentenced him to eight to ten years in prison. Mr. Bernal-Molina appealed.

## STANDARD OF REVIEW

[¶7]   Mr. Bernal-Molina claims the district court incorrectly instructed the jury on his theory of defense. He does not argue the district court wholly denied him the opportunity to present his theory of defense. Had that been the case, there would have been a due process issue for which "our standard of review would be de novo." *Haire v. State,* 2017 WY 48, ¶ 27, 393 P.3d 1304, 1311 (Wyo. 2017). *See also, Tingey v. State*, 2017 WY 5, ¶ 27, 387 P.3d 1170, 1178 (Wyo. 2017) ("The failure to give an offered instruction on the law related to a theory of defense is a due process issue, which this Court reviews de novo."). Instead, Mr. Bernal-Molina argues the district court erred in crafting the theory of defense instructions.

[¶8]   Mr. Bernal-Molina objected to the instructions at trial; consequently, we review the district court's decision for abuse of discretion. *Haire,* ¶ 28, 393 P.3d at 1311 (citing *Gonzalez-Ochoa v. State*, 2014 WY 14, ¶ 18, 317 P.3d 599, 604-05 (Wyo. 2014)). We will not reverse if the instructions correctly stated the law and collectively covered the relevant issues. *Id.* Even if a district court's ruling on an instruction was erroneous, it must be prejudicial to warrant reversal. *Hurley v. State*, 2017 WY 95, ¶ 8, 401 P.3d 827, 830 (Wyo. 2017) (citations and quotation marks omitted). Because the purpose of jury instructions is to provide guidance on the applicable law, prejudice results when the instructions confused or misled the jury. *Id. See also*, *Schmuck v. State*, 2017 WY 140, ¶ 45, 406 P.3d 286, 301 (Wyo. 2017) (citing *Hurley*). Resolution of this case also requires us to interpret the relevant statute. Statutory interpretation is a question of law reviewed de novo. *Raczon v. State,* 2021 WY 12, ¶ 8, 497 P.3d 749, 751 (Wyo. 2021) (citing *Herrick v. Jackson Hole*

2

*Airport Bd.*, 2019 WY 118, ¶ 17, 452 P.3d 1276, 1281 (Wyo. 2019)) (other citations omitted).

## DISCUSSION

[¶9]    Mr. Bernal-Molina was charged with three counts of third-degree sexual abuse of a minor under § 6-2-316(a)(i):

>           (a) Except under circumstance constituting sexual abuse of a minor in the first or second degree as defined by W.S. 6-2-314 and 6-2-315, an actor commits the crime of sexual abuse of a minor in the third degree if:

>                 (i) Being seventeen (17) years of age or older, the actor engages in sexual contact with a victim who is thirteen (13) through fifteen (15) years of age, and the victim is at least four (4) years younger than the actor[.]

[¶10]  Mr. Bernal-Molina's theory of defense was based on Wyo. Stat. Ann. § 6-2-308(a) (LexisNexis 2021), which states in relevant part:

>           [I]f criminality of conduct in this article depends on a victim being under sixteen (16) years of age, it is an affirmative defense that the actor reasonably believed that the victim was sixteen (16) years of age or older.

[¶11]  The district court instructed the jury on Mr. Bernal-Molina's theory of defense in two instructions – Instruction No. 18 and Instruction No. 22a.  In Instruction No. 18, the district court charged the jury:

>           If criminality of conduct depends on a victim being under sixteen (16) years of age, it is an affirmative defense that the actor reasonably believed that the alleged victim was sixteen (16) years of age or older.

>           Because this is an affirmative defense, the Defendant has the burden of producing evidence to support the proposition that the Defendant reasonably believed the alleged victim was sixteen (16) years of age or older.  Once the Defendant has produced evidence that he reasonably believed the alleged victim was 16 years of age or older, the State then has the burden to prove beyond a reasonable doubt that the

> Defendant did not reasonably believe the alleged victim was sixteen (16) years of age or older.[2]

> *A reasonable belief is one that would be held by a person of ordinary intelligence under the same or similar circumstances.*

(Emphasis and footnote added). The district court refused Mr. Bernal-Molina's request to remove the final sentence in Instruction No. 18.

[¶12] Instruction No. 22a was a general statement of Mr. Bernal-Molina's theory of defense:

> Mr. Molina asserts he reasonably believed that [AS] was sixteen (16) or seventeen (17) and, as a result, he cannot be found guilty.

The district court rejected Mr. Bernal-Molina's request to add the following language to Instruction No. 22a:

> The evidence before you is that Mr. Molina described AS as the 16 or 17 year old girl with [the other two girls who climbed on the roof]. The statement along with other direct or circumstantial evidence is what you have before you for your consideration. The State must prove beyond a reasonable doubt that Mr. Molina was not reasonable in his belief that AS was 16 or older.

### 1. *Instruction No. 18 – Defining "Reasonable Belief" for the Jury*

---

[2] Instruction No. 18 tasked the jury with determining whether Mr. Bernal-Molina made a prima facie case for his affirmative defense, triggering the State's responsibility to prove beyond a reasonable doubt he could not have reasonably believed AS was 16 years or older. Typically, the district court decides whether the defendant has made a prima facie case of an affirmative defense before it instructs the jury on the defense. *Johns v. State,* 2018 WY 16, ¶ 14, 409 P.3d 1260, 1265 (Wyo. 2018) ("[B]efore the district court was required to instruct the jury that the State had to prove beyond a reasonable doubt that Mr. Johns did not act in self-defense, Mr. Johns was required to make a prima facie showing of [the elements of the affirmative defense].". *See also,* 75A Am. Jur. 2d *Trial* § 683 (2021) ("As a rule, the trial court must charge the jury on an affirmative defense if the defense is raised by the evidence; however, the trial court is not required to charge the jury on the defense if the charge is not authorized by the evidence. It is a matter of law [for the court] whether a defendant has met the evidentiary minimum entitling him or her to jury instructions on an affirmative defense.") (footnotes omitted). Because Mr. Bernal-Molina does not challenge this aspect of the instruction, we will not consider it further.

4

[¶13] Mr. Bernal-Molina claims the district court misinterpreted § 6-2-308(a) by instructing the jury on the definition of "reasonable belief" in Instruction No. 18. In interpreting a statute, "'we seek the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute,'" giving effect to every word, clause, and sentence. *Blevins v. State,* 2017 WY 43, ¶ 27, 393 P.3d 1249, 1256 (Wyo. 2017) (quoting *TW v. State (In the Interest of JB),* 2017 WY 26, ¶ 12, 390 P.3d 357, 360 (Wyo. 2017)) (other citations omitted). We do not interpret a statute in a manner that renders any part meaningless. *Sena v. State,* 2019 WY 111, ¶ 20, 451 P.3d 1143, 1148 (Wyo. 2019) (citing *Adekale v. State*, 2015 WY 30, ¶ 13, 344 P.3d 761, 765-66 (Wyo. 2015)).

[¶14] Mr. Molina-Bernal claims the district court

> disregarded the plain language of the statute, which specifically allows for the actor's reasonable belief and unduly emphasized the standard of a reasonable person. While the legislature required the actor's belief to be reasonable, it did specifically require that reasonable belief to be that of the actor, not the mythical reasonable person. This focus removes the subjective belief of Mr. Bernal-Molina, making his thoughts and beliefs irrelevant, and instead instructs the jury to place themselves in his place.

He points to a statement made by the district court during a preliminary discussion on the jury instructions as showing the court omitted his subjective belief from the instructions:

> "[T]here's another point that we need to throw in here, which is going to need addressing by instruction, and that is the concept of reasonable belief, because it's an objective standard, it's not a subjective standard. In other words, it's not what [Mr. Bernal-Molina] believed, it's what an ordinary reasonable person would have been justified in believing.

[¶15] The plain language of § 6-2-308(a) ("it is an affirmative defense that the actor reasonably believed that the victim was sixteen (16) years of age or older") incorporates both subjective and objective components. The defendant (actor) must believe the victim is 16 or older, <u>and</u> that belief must be reasonable. The State agrees the statute has objective and subjective requirements. It states in its appellate brief that "a defendant's 'belief' is a condition precedent to securing the protection of § 6-2-308. . . . [However,] a fact finder must consider the 'reasonableness' of a defendant's subjective belief[.]"

[¶16] Mr. Bernal-Molina bases his argument on the faulty premise that Instruction No. 18 did not require the State to prove he subjectively believed AS was 16 or older. Despite the district court's statement that the standard is wholly objective, we do not read Instruction

No. 18 as removing Mr. Bernal-Molina's subjective belief from the jury's consideration. By requiring the jury to consider <u>Mr. Bernal-Molina's</u> reasonable belief, the district court correctly (albeit perhaps unintentionally) incorporated his subjective belief into Instruction No. 18. The instruction also followed the statutory language by requiring Mr. Bernal-Molina's belief to be reasonable. *See Phillips v. State,* 2007 WY 25, ¶ 15, 151 P.3d 1131, 1135-36 (Wyo. 2007) (instruction under § 6-2-308(a) correctly stated that if the jury found the defendant reasonably believed the victim was 16 years of age or older at the time of the offense, it must acquit him of third-degree sexual assault). Mr. Bernal-Molina's interpretation of the statute, which focuses solely on his subjective belief, essentially removes the requirement that his belief be reasonable, contrary to the rule that we do not interpret statutes in a way which renders any word or part meaningless. *See Sena,* ¶ 20, 451 P.3d at 1148.

[¶17] Mr. Bernal Molina also argues the district court erred by instructing the jury on the definition of "reasonable belief" as "one that would be held by a person of ordinary intelligence under the same or similar circumstances." Section 6-2-308(a) requires the defendant "reasonably believe" the victim is 16 or older. Black's Law Dictionary defines "reasonably believe" as "[t]o believe (a given fact or combination of facts) under circumstances in which a reasonable person would believe." *Reasonably believe,* Black's Law Dictionary (10th ed. 2014). Although not identical, the district court's definition of "reasonable belief" as "one that would be held by a person of ordinary intelligence under the same or similar circumstances" was consistent with the ordinary meaning of "reasonably believe" in § 6-2-308(a). *See Blevins,* ¶ 27, 393 P.3d at 1256 (we interpret words in statutes in accordance with their plain and ordinary meaning). Both definitions consider the circumstances, and the district court's requirement that the belief be one held by a person of ordinary intelligence incorporates the principle expressed in the dictionary definition that the belief must be that of a reasonable person. Indeed, Mr. Bernal-Molina does not specifically argue the district court's definition of "reasonable belief" was incorrect or that it erred by using different forms of the statutory words "reasonably" and "believe." *Cf. Schmuck v. State,* 2017 WY 140, ¶ 47, 406 P.3d 286, 301 (Wyo. 2017) (although it was not ideal to instruct the jury on the definition of "malice," when the statute used the term "maliciously," the instruction was not "prejudicially confusing or misleading").

[¶18] Mr. Bernal-Molina's concern seems to be that the district court unduly emphasized the "reasonableness" of his belief by defining the term for the jury. As the definition of "reasonably believe" indicates, the term does not have a technical meaning. As such, it was not necessary for the district court to define it. *McEuen v. State,* 2017 WY 15, ¶ 27, 388 P.3d 779, 785 (Wyo. 2017) ("When terms in a jury instruction are to be given their plain and ordinary meaning, there is no need to supply a definition.") (citation omitted). However, it was not erroneous for the court to do so. In *Lane v. State,* 12 P.3d 1057, 1062 (Wyo. 2000), we stated "trial courts may choose to define the phrase in their instructions to juries" even though it does not have "a definite, technical meaning

under the law which is different from the ordinary meaning[.]" Because the district court did not misstate the law, it did not abuse its discretion by defining "reasonable belief" for the jury.

[¶19] Furthermore, even if the district court erred by providing the definition of "reasonable belief" to the jury, Mr. Bernal-Molina does not explain how he was prejudiced by the instruction. *Widdison v. State,* 2018 WY 18, ¶ 22, 410 P.3d 1205, 1213 (Wyo. 2018) (considering whether an error in instructing the jury was prejudicial). *See also, Hodge v. State*, 2015 WY 103, ¶ 8, 355 P.3d 368, 371 (Wyo. 2015) (if we conclude a district court abused its discretion, we must determine whether the error was prejudicial). Mr. Bernal-Molina has the burden of establishing any error in instructing the jury was prejudicial. *See Roberts v. State,* 711 P.2d 1131, 1137 (Wyo. 1985) ("'Errors in instructions not injurious or prejudicial are not cause for reversal, and the appellant has the burden of showing harmful error.'" (quoting *Mainville v. State,* 607 P.2d 339, 343 (Wyo. 1980))). An instructional error is prejudicial when the jury is confused or misled. *Hurley*, ¶ 8, 401 P.3d at 830. *See also,* W.R.A.P. 9.04 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded by the reviewing court.").

[¶20] Mr. Bernal-Molina posits in his appellate brief, "What does an ordinary reasonable person look like and think like? Mr. Bernal-Molina? Probably not." He does not, however, show how his belief about AS's age could be reasonable if such belief would be unreasonable to an ordinary person. Nor has he shown the jury was confused or misled by the instruction defining "reasonable belief." Mr. Bernal-Molina has failed to establish that any error in Instruction No. 18 prejudiced him.

## 2. *Instruction No. 22a – Refusal to Instruct the Jury on the Details of Mr. Bernal-Molina's Theory of Defense*

[¶21] Mr. Bernal-Molina asserts the district court erred by refusing to provide additional detail in Instruction No. 22a. To reiterate, Instruction No. 22a stated: "Mr. Molina asserts he reasonably believed that [AS] was sixteen (16) or seventeen (17) and, as a result, he cannot be found guilty." The court rejected Mr. Bernal-Molina's request to add the following language to the instruction:

> The evidence before you is that Mr. Molina described AS as the 16 or 17 year old girl with [the other two girls who climbed on the roof]. The statement along with other direct or circumstantial evidence is what you have before you for your consideration. The State must prove beyond a reasonable doubt that Mr. Molina was not reasonable in his belief that AS was 16 or older.

7

[¶22]   Citing *Virgilio v. State,* 834 P.2d 1125 (Wyo. 1992), and *Harnetty v. State,* 2019 WY 21, 435 P.3d 368 (Wyo. 2019), the district court ruled Mr. Bernal-Molina's proposed language unduly emphasized a portion of the evidence and was duplicative of other instructions.  The court was correct.

[¶23]   In *Virgilio,* 834 P.2d at 1128, we stated:

> The trial court has a duty to give defendant's instruction presenting his theory of defense if the instruction is supported by competent evidence. *Stapleman v. State,* 680 P.2d 73, 75 (Wyo.1984). However, the court may refuse an instruction which is argumentative or unduly emphasizes one aspect of the law. *Prime v. State,* 767 P.2d 149, 154 (Wyo.1989). A court may refuse an instruction if the concept is covered by other instructions. *Griffin v. State,* 749 P.2d 246, 256 (Wyo.1988).

[¶24]   In *Harnetty,* ¶ 29, 435 P.3d at 374, we articulated a more comprehensive list of rules regarding theory of defense instructions:

> A proper theory of defense instruction must "sufficiently inform the jury of the theory of defense," and there must be "competent evidence" to support that theory of defense. *Bruce v. State*, 2015 WY 46, ¶ 79, 346 P.3d 909, 932 (Wyo. 2015) (citation omitted). . . . A court may properly reject a proposed theory of defense instruction if it is "erroneous, confusing, argumentative, or if the instruction unduly emphasizes one aspect of the case, the law, or the defendant's version of the events." *Id.* at ¶ 79, 346 P.3d at 932.

*See also, Chavez-Becerra v. State,* 924 P.2d 63, 67 (Wyo. 1996) ("a narrative recitation of defendant's version of the facts is unacceptable and may be refused if it gives undue emphasis to defendant's version of the facts" (citing *Jansen v. State,* 892 P.2d 1131, 1140 (Wyo. 1995))) (other citations omitted).

[¶25]   The first sentence of Mr. Bernal-Molina's proposed addition to Instruction No. 22a would have reminded the jury that he described AS to the police officers as being 16 or 17 years old.  That is borne out by the videotape of his law enforcement interview which was presented to the jury as State's Exhibit 2.  However, his proposed instruction presented a narrow, one-sided view of the evidence.  Other evidence showed Mr. Bernal-Molina said he did not know AS's age.  He also admitted his daughter told him AS was 14 years old.  By reminding the jury he described AS as 16 or 17 years old, Mr. Molina's instruction unduly emphasized his version of the facts.  *Harnetty,* ¶ 29, 435 P.3d at 374; *Chavez-Becerra,* 924 P.2d at 67.

[¶26] The parts of Mr. Bernal-Molina's proposed instruction directing the jury to consider both direct and circumstantial evidence and stating the prosecution had the burden of proving beyond a reasonable doubt his belief was not reasonable was covered by other instructions. Instruction No. 20 informed the jury it may consider both direct and circumstantial evidence and "[t]he law makes no distinction between the weight to be given" either type. As noted above, Instruction No. 18 stated the State had "the burden to prove beyond a reasonable doubt that [Mr. Bernal-Molina] did not reasonably believe [AS] was sixteen (16) years of age or older." The district court properly exercised its discretion in rejecting Mr. Bernal-Molina's request to repeat legal principles already included in other instructions given to the jury. *Virgilio,* 834 P.2d at 1128. *See also, Dennis v. State,* 2013 WY 67, ¶ 38, 302 P.3d 890, 898 (Wyo. 2013) (a "trial court can properly refuse an instruction which merely rephrases the jury's obligation to find all elements beyond a reasonable doubt . . . ." (quoting *Chavez–Becerra,* 924 P.2d at 67)).

[¶27] Furthermore, Mr. Bernal-Molina does not explain how he was prejudiced by the district court's refusal to include his proposed language in Instruction No. 22a. The district court said he was "absolutely at liberty, and I assume you will, vigorously argue the facts in support of your theory[.]" Mr. Bernal-Molina did exactly that. He also argued the State had the burden of disproving Mr. Bernal-Molina's defense. On this record, Mr. Bernal-Molina has not shown the instruction, as given, confused or misled the jury. *Hurley*, ¶ 8, 401 P.3d at 830 (citations omitted).

## CONCLUSION

[¶28] The district court did not abuse its discretion in instructing the jury on Mr. Bernal-Molina's theory of defense.

[¶29] Affirmed.