**Arthur Chris BEANE, Jr., Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 5061.**

Supreme Court of Wyoming.

June 19, 1979.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Mark J. Warns, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Gay V. Bartels, Asst. Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

The sole question presented by this appeal from a burglary conviction is whether, under the circumstances of this case, a warehouse manager is a "person in lawful possession" for purposes of Wyoming's burglary statute, § 6–7–201(a), W.S.1977. We hold that he is and will affirm.

At trial, evidence was produced from which the jury could and did infer that appellant, Arthur Chris Beane, Jr., forcibly entered a building of the Wy-Mont Beverage Company at 200 Paul Street, Sheridan, Wyoming, during the late hours of June 27 or the early hours of June 28, 1978, and stole coins, candy and equipment. One of the elements of the crime of burglary is that the perpetrator enter "without the consent of the person in lawful possession."

Section 6–7–201(a), supra. At trial, Andrew Marosok testified that at the time and place in question he was the warehouse manager of the plant broken into and that he did not give Beane permission to enter. Marosok further testified that he customarily leaves the plant in the late evening and checks the doors and lights before leaving. Marosok also testified that he kept items of personal property in "my box" and "my desk" in the building. He said that, upon seeing a Wy-Mont van being driven late at night, he became suspicious of a burglary, went to the plant, saw evidence of a break-in and informed the police. Marosok also described some of the plant operations.

At the close of all the evidence, defense counsel moved for an acquittal on the ground that the State failed to present evidence going to the question of lawful possession of the premises. Denial of that motion, pursuant to Rule 30 of the Wyoming Rules of Criminal Procedure, is the subject of this appeal.

Appellant argues that there was no proof that possession of the premises by the Wy-Mont Beverage Company was lawful or that Marosok had legal capacity to grant or deny consent to enter the building. Preliminarily, we observe that a finding that Marosok was the person in lawful possession makes unnecessary any inquiry into the extent of authority delegated to Marosok by his employer.

We now consider the phrase, "the person in lawful possession." Neither side has referred this court to any case law interpreting a burglary statute containing such language.

Under the common law, the element of burglary which corresponds to the element in dispute in this case had to do with whether or not the intruder did or did not enter the dwelling house "of another," and occupancy controlled the question of whether the dwelling was that of another. LaFave and Scott, Criminal Law, § 96 (1972). Thus, under a common-law analysis, Marosok's occupancy of the building would suffice for a burglary conviction against Beane.

Turning to the modern burglary case law of other jurisdictions, we find that in Texas,

"... proof that the plant manager who had charge and was in possession of the property did not consent to the entry or theft is sufficient to prove ownership and lack of consent. . . ." *Espinosa v. State*, Tex.Cr.App., 463 S.W.2d 8, 9 (1971).

Similarly, in Indiana, to prosecute a burglary conviction,

"... it is not necessary to prove absolute title or ownership to be in the person alleged to be the owner. This Court has held it sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor or administrator. We construe this to be a possessory right . . . ." *Passwater v. State*, 248 Ind. 454, 229 N.E.2d 718, 721 (1967).

A similar conclusion was reached in an older Colorado opinion, *Sloan v. People*, 65 Colo., 456, 176 P. 481, 482 (1918), which has been cited approvingly in more recent cases. *People v. Howard*, Colo.App., 541 P.2d 1252, 1254 (1975); and *Kelley v. People*, 166 Colo. 322, 443 P.2d 734, 736 (1968).

An Illinois Appellate Court goes even further:

"To sustain a burglary conviction it is only necessary for the State to plead and prove occupancy or possession of burglarized premises in a named party whose occupancy or possession is rightful as against the alleged burglar. . . ." *People v. Saunders*, 132 Ill.App.2d 421, 270 N.E.2d 217, 219 (1971).

Accordingly, we hold that Marosok's description of (1) his open and notorious possession of the premises, (2) the business activities conducted by Marosok therein, including his duties as warehouse manager, and (3) his seeking of police assistance to maintain exclusive possession of the premises, all support a reasonable inference that Marosok was in lawful possession of the premises. Proof of each element of a crime can be by either direct or circumstantial evidence, and circumstantial evidence includes inferences reasonably drawn from the evidence. *Cloman v. State*, Wyo., 574 P.2d 410, 416 (1978).

Affirmed.