BOOMGAARDEN, Justice.
[¶1] Appellant, Brenda Marie Brumme, appeals from the district court's order revoking her probation and imposing the underlying sentences for her child endangerment and controlled substance convictions. We affirm.
ISSUES
[¶2] Ms. Brumme presents three issues for our review:
1. Whether the district court abused its discretion by relying solely on hearsay evidence to find Ms. Brumme violated a condition of her probation on two occasions?
2. Whether the district court abused its discretion in finding Ms. Brumme violated a probation condition by failing to submit to a scheduled urinalysis when the violation was not proven by a preponderance of the evidence?
3. Whether the district court's finding that Ms. Brumme willfully violated a probation condition requiring her to report for a urinalysis test was clearly erroneous because there was no evidence of willfulness?
FACTS
[¶3] In June 2017, Ms. Brumme entered into a plea agreement and pled guilty to two felonies: endangering children (controlled substance), a violation of Wyo. Stat. Ann. § 6-4-405(b) and (c) (Lexis Nexis 2017), and possession of a controlled substance, a violation of Wyo. Stat. Ann. § 35-7-1031(c)(i)(C) and (c)(ii) (Lexis Nexis 2017). The district court deferred entering a judgment on Ms. Brumme's child endangerment charge under Wyo. Stat. Ann. § 7-13-301 and placed her on three years of supervised probation. On the possession charge, the district court imposed a sentence of not less than two, nor more than four years, which it suspended in favor of three years of supervised probation. The court ordered the probationary periods to be served concurrently.
[¶4] As a condition of probation, the district court noted Ms. Brumme's addiction to methamphetamine and required her participation in a treatment program. The court also mandated Ms. Brumme's compliance with the Wyoming Department of Corrections Probation and Parole Agreement, which, in relevant part, required Ms. Brumme to appear for appointments with her *440 probation agent; report any changes to her address, phone number, and living arrangements within 24 hours; and submit to alcohol and drug screenings. The district court emphasized these requirements to Ms. Brumme during the sentencing hearing:
You'll not cancel any appointments related to supervision without the prior permission of your probation agent . Those appointments include but are not limited to office meetings, counseling appointments, doctor[']s appointments, and appointments with Job Service. And when I talk about not absconding from probation, that means that you'll sleep in the house that you tell your agent you'll sleep in .
(Emphasis added.) The court's written judgment and sentence incorporated these terms.
[¶5] The State asked the district court to revoke Ms. Brumme's probation in September 2017, alleging three violations within two months of sentencing:
• On or about August 8, 2017, the Defendant was found to not be living at the address she provided to her Probation Agent.
• On or about August 18, 2017, the Defendant failed to attend an office visit for a urinalysis as previously scheduled.
• On or about August 21, 2017, the Defendant was found to not be living at the new address she had provided to her Probation Agent.
The district court held an initial probation revocation proceeding on October 17, 2017. Ms. Brumme denied the allegations and the district court set an adjudicatory hearing for the following week.
[¶6] During the adjudicatory hearing, the State called Ms. Brumme's probation officer, Agent Hatch, as its sole witness. Agent Hatch testified that when Ms. Brumme registered for probation in July 2017, she informed his office she lived with her sister, Ms. Hutcherson, and provided her sister's address and phone number as her contact information. After Ms. Brumme missed a scheduled appointment on August 8, 2017, Agent Hatch attempted to locate Ms. Brumme at her sister's home. Ms. Brumme was not at the residence when Agent Hatch arrived. Over a hearsay objection overruled by the district court, Agent Hatch testified "Ms. Hutcherson told me that since she was a foster parent, that M[s]. Brumme was never allowed to live there [nor] did she ever live there." Ms. Brumme called Agent Hatch later that day. Agent Hatch informed her of his visit to her sister's house and inquired about her living situation. Ms. Brumme provided an updated address and stated she lived with her cousin on Grass Valley. Agent Hatch rescheduled Ms. Brumme's appointment for August 17, 2017.
[¶7] Ms. Brumme appeared for her appointment in Evanston on August 17, 2017, but the urinalysis could not be performed because a female probation officer was not available. Agent Hatch verbally instructed Ms. Brumme to report back at 8:00 a.m. the next morning. Agent Hatch confirmed he attempted to contact Ms. Brumme after she failed to report back as directed by going to the Grass Valley address she previously provided. Ms. Brumme was not at the residence when he arrived. Over another hearsay objection, Agent Hatch testified that Ms. Brumme's cousin stated Ms. Brumme did not live at that address. The district court overruled the objection, finding the testimony was probative, trustworthy, and credible and, thus, admissible.
[¶8] Defense counsel called Adam Rhodes, Ms. Brumme's significant other, as her sole witness. Mr. Rhodes testified that on August 18, 2017, he went to work and took the "only car [they] had." He also testified that Ms. Brumme was "really mad" at him for leaving her without a vehicle that day.
[¶9] Defense counsel argued in closing that the State failed to establish the terms of probation purportedly violated and, in any event, the State's evidence did not support revocation because it was based solely on hearsay. Defense counsel further argued Ms. Brumme missed her scheduled urinalysis because she lacked transportation. The district court took judicial notice of Ms. Brumme's probation conditions and determined Ms. Brumme violated her probation as to each of the State's allegations.
*441 [¶10] After hearing from counsel and Ms. Brumme at the disposition hearing, the district court remarked it provided Ms. Brumme "three bites out of the apple" and yet she still refused to take responsibility for her underlying criminal actions and she had not enrolled in, much less successfully completed, the requisite treatment course for her substance abuse issues as previously ordered. The court also noted Ms. Brumme failed to take responsibility for misleading her probation agent about her living arrangements, instead blaming her failure to provide accurate addresses on her family members. The district court revoked its prior order deferring judgment on Ms. Brumme's child endangerment charge and revoked probation on the possession charge. The court imposed the underlying sentences on each charge and ordered the sentences to run concurrently, with credit for seventy-nine days served. This appeal followed.
STANDARD OF REVIEW
[¶11] We review probation revocation proceedings under an abuse of discretion standard. Forbes v. State , 2009 WY 146, ¶ 6, 220 P.3d 510, 512 (Wyo. 2009) (citation omitted). "A district court's decision to revoke probation and impose a sentence is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion." Id. ¶ 6, 220 P.3d at 512-13 (citation omitted).
Although the district court's decision must be based upon verified facts and the defendant must be afforded due process, all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that the defendant willfully violated a condition of his probation.
Miller v. State , 2015 WY 72, ¶ 10, 350 P.3d 742, 745 (Wyo. 2015) (citations omitted). We view the evidence in the light most favorable to the district court's determination and uphold its factual findings unless they are clearly erroneous "[b]ecause the trial court heard and weighed the evidence, assessed witness credibility, and made the necessary inferences and deductions from the evidence ...." Id. ¶ 11, 350 P.3d at 746 (citations omitted) (emphasis added).
DISCUSSION
[¶12] Probation revocation proceedings are governed by W.R.Cr.P. 39 and consist of two parts - the adjudicatory phase and the dispositional phase. Forbes , ¶ 7, 220 P.3d at 513 (citation omitted). At the adjudicatory phase, the district court applies a preponderance of the evidence standard to determine whether the probationer violated a condition of probation. Id. (citation omitted). On finding a violation, the district court uses the dispositional phase to deliberate on the reasons for the conditions and the circumstances surrounding the violation to determine the appropriate consequences. Id. (citation omitted). Ordinarily, revocation is justified only when the violation was willful, a determination the court makes during the dispositional phase. Id. ¶ 8, 220 P.3d at 513 (citations omitted); Edrington v. State , 2008 WY 70, ¶ 7, 185 P.3d 1264, 1267 (Wyo. 2008) (citation omitted).
I. Violation for Failure to Provide Current, Valid Addresses
[¶13] Ms. Brumme asserts the district court abused its discretion when it determined she violated her probation on August 8, 2017, and on August 21, 2017, by failing to provide current, valid addresses to her probation officer. She contends the State failed to present any non-hearsay evidence to prove a violation occurred and, thus, the district court erred by relying solely on hearsay testimony in making its determination. Ms. Brumme does not challenge the district court's decision to admit the hearsay testimony, but instead asserts the district court should have concluded the State failed to meet its burden of proof.
[¶14] The Wyoming Rules of Evidence apply during the adjudicative phase of probation revocation hearings, except hearsay that is "is probative, trustworthy and credible may be received into evidence." W.R.Cr.P. 39(a)(5)(B). Notably, however, a court may not revoke probation solely on the basis of hearsay.
*442 Robinson v. State , 2016 WY 90, ¶ 38, 378 P.3d 599, 609-10 (Wyo. 2016) (emphasis added). The record here does not support Ms. Brumme's assertions that the district court ran afoul of Robinson .
[¶15] When viewed in the light most favorable to the district court, the record contains sufficient, corroborating non-hearsay evidence to support the district court's finding that Ms. Brumme violated her probation by failing to provide current, valid addresses. Robinson , ¶ 39, 378 P.3d at 610 (explaining the record contained direct evidence of noncompliance in addition to the court's reliance on a hearsay statement). Although Agent Hatch testified that Ms. Brumme's sister informed him that she did not live with her and that she had never lived with her, this hearsay testimony was not the only testimony Agent Hatch offered. He also testified that Ms. Brumme was not at her sister's residence when he arrived on August 8, 2017, and Ms. Brumme provided a new address after he inquired about her living arrangements. This undisputed testimony does not constitute hearsay.
[¶16] Agent Hatch also testified that Ms. Brumme was not at her cousin's residence on August 21, 2017, in corroboration of the hearsay statements of Ms. Brumme's cousin, who further informed Agent Hatch that Ms. Brumme did not live with her. Mr. Rhodes also testified that Ms. Brumme was "really mad" he took their only vehicle to work with him on the day of her scheduled appointment with Agent Hatch. The district court could reasonably infer from Mr. Rhodes' testimony that Ms. Brumme was living with him.[1]
[¶17] Agent Hatch's undisputed non-hearsay testimony, coupled with the testimony of Mr. Rhodes and Agent Hatch's hearsay statements the district court found to be probative, trustworthy, and credible, more than support the district court's determination that Ms. Brumme violated a condition of her probation by failing to accurately inform her probation officer of her living arrangements. The district court did not abuse its discretion.
II. Willful Violation of Probation for Missed Urinalysis
[¶18] Ms. Brumme's remaining two issues are interrelated and we consider them together. Ms. Brumme first asserts the record lacks any "affirmative evidence" that she missed a scheduled urinalysis on August 18, 2017. She also asserts that even if sufficient evidence exists to prove she missed the appointment, the violation was not willful. We disagree.
[¶19] Ms. Brumme argues that Agent Hatch never testified she missed the appointment, but rather, that fact was improperly implied in the prosecutor's question. The prosecutor asked, "Did you attempt to reschedule or contact her after she failed to attend the UA you had directed?" Agent Hatch replied, "Yes," and described that he did so by going to the address Ms. Brumme provided him.
[¶20] In support of her argument, Ms. Brumme relies on Instruction 1.01 of the Wyoming Criminal Pattern Jury Instructions, which provides:
If any counsel suggests by any of his questions that certain hinted facts are or are not true, you must disregard any such suggestion and must not draw any inference from it. As to any statement made by counsel in your presence concerning the facts of the case, you must not regard such a statement as evidence.
W.C.P.J.I. 1.01. Ms. Brumme concedes the pattern instruction is not "directly applicable." We conclude the pattern instruction is *443 not applicable at all. The district court, in the context of deciding whether a probation violation occurred, is permitted to consider the attorneys' questions to the extent they supply meaning to the witnesses' answer (see Jensen v. State , 2005 WY 85, ¶ 19, 116 P.3d 1088, 1095 (Wyo. 2005) ; Rubio v. State , 939 P.2d 238, 245 (Wyo. 1997) ); make the necessary inferences and deductions from the evidence (see Miller , ¶ 11, 350 P.3d at 746 ); and exercise sound discretion in determining whether probation should be revoked based on a preponderance of the evidence (see Forbes , ¶¶ 6-7, 220 P.3d at 512-13 ; W.R.Cr.P. 39(a)(5) ). Probation revocation does not require proof beyond a reasonable doubt. Minchew v. State , 685 P.2d 30, 32 (Wyo. 1984) (citations omitted).
A probation revocation hearing is not a trial on a new criminal charge. It is simply an extension of the sentencing procedure resulting from conviction of the basic charge, coupled with the requirement that the probationer be afforded due process of law before being deprived of the conditional right to liberty granted by probation.
Id. at 31.
[¶21] Furthermore, Ms. Brumme cites no legal authority to support her assertion that the State is required to present affirmative evidence to meet its burden of proof that a violation of a probation condition occurred. Wyoming Rules of Criminal Procedure 39(a)(5) requires the State to prove a violation occurred by a preponderance of the evidence. The State may meet its burden through reasonable inferences drawn from indirect or circumstantial evidence. See, e.g. , John Q. Hammons Inc. v. Poletis , 954 P.2d 1353, 1356 (Wyo. 1998) (citing Blakely v. State , 542 P.2d 857, 863 (Wyo. 1975) (defining indirect or circumstantial evidence as "proof of facts or circumstances from which the existence or non-existence of other facts may reasonably be inferred") ); see also , Rawle v. State , 2007 WY 59, ¶ 28, 155 P.3d 1024, 1031 (Wyo. 2007) (explaining that the law does not distinguish between direct and circumstantial evidence). "A reasonable inference, like the facts or circumstances on which the inference is based, is competent evidence and is not a mere presumption or guess." John Q. Hammons Inc. , 954 P.2d at 1356 (citations omitted).
[¶22] Agent Hatch testified on direct examination:
Q. And when was she rescheduled to come in?
A. August 17, 2017.
Q. Did she attend on that day?
A. She did.
Q. Did you make any recommend - requirements of her, provide any instructions to her to - at the time of that appointment?
A. Yes, I instructed her to come back the next day at 8:00 a.m. for a urinalysis test.
Q. Why didn't you UA her on August 17?
A. I had no one available to do so.
Q. No female in your office?
A. No female in the office.
Q. And how did you inform her that she was required to come in on August 18?
A. I verbally instructed her to come in August - the next morning, 8:00 a.m., for a urinalysis.
...
Q. Did you attempt to reschedule or contact her after she failed to attend the UA you had directed?
A. Yes.
Defense counsel called Mr. Rhodes to the stand, who offered the following testimony:
Q. Do you know Brenda Brumme?
A. Yes, sir.
Q. How do you know her?
A. Me and Brenda have been in a relationship the last three years.
Q. On August 18, 2017, did Ms. Brumme - do you know if Ms. Brumme had a vehicle that day?
A. I know she was really mad at me because I went to work and took the only car we had but, no, she didn't.
Q. Okay. So you do know that. Okay. Where was the vehicle on that day?
A. In Mountain View, Wyoming, at the job site.
(Emphasis added.) The testimony of Agent Hatch and Mr. Rhodes provide competent *444 evidence to support the district court's finding that Ms. Brumme violated a condition of her probation by failing to appear for her scheduled urinalysis appointment.
[¶23] We next review the district court's determination that Ms. Brumme willfully violated her probation. Whether a probation violation was willful is a question of fact, and we will not disturb the district court's determination unless such determination is clearly erroneous. Robinson , ¶ 45, 378 P.3d at 611. For purposes of probation revocation, "willful" means "intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly." Forbes , ¶ 8, 220 P.3d at 513 (citations omitted). "Willfulness" is determined during the dispositional phase and the Wyoming Rules of Evidence do not apply. W.R.Cr.P. 39(a)(5)(B) ; Crouse v. State , 2017 WY 133, ¶ 10, 405 P.3d 216, 219 (Wyo. 2017) (citation omitted).
[¶24] We have carefully examined and considered the record in the light most favorable to the district court's determination. See, e.g. , Miller , ¶ 11, 350 P.3d at 746 ; Robinson , ¶ 46, 378 P.3d at 611. The record reflects Ms. Brumme knew the terms of her probation required her to attend all appointments scheduled by her probation officer and submit to urinalysis testing. Agent Hatch verbally informed Ms. Brumme of her urinalysis appointment scheduled for August 18, 2017, at 8:00 a.m.; her knowledge of the appointment was confirmed through the testimony of Mr. Rhodes stating she was "really mad" at him for taking their only vehicle with him to work on the day of her appointment. According to Agent Hatch, Ms. Brumme did not attempt to contact him prior to her appointment or at any time after missing her appointment to offer an explanation for her absence. Nor did Ms. Brumme offer any evidence to show that other forms of transportation were unavailable to her on that date. Ms. Brumme's actions and inactions are sufficient to support the district court's determination that she willfully violated her probation. The district court's determination was not clearly erroneous.
[¶25] After determining Ms. Brumme willfully violated three conditions of her probation, the district court revoked its order deferring judgment on Ms. Brumme's child endangerment charge and revoked her probation on the possession charge. All that is necessary to uphold the district court's decision "is evidence that it made a conscientious judgment, after hearing the facts," and deliberated "not only upon the violation, but also the reasons the conditions were originally imposed and the circumstances surrounding the violation." Mapp v. State , 929 P.2d 1222, 1225-26 (Wyo. 1996). The district court considered the evidence of Ms. Brumme's intentional and purposeful attempts to evade contact with her probation officer by failing to keep him informed of her residence and failing to appear for her urinalysis testing. The district court also considered Ms. Brumme's failure to enroll in a treatment program for her addiction as ordered, particularly in light of her initial noncooperation in completing the assessment. We have said "[t]he granting of probation is addressed to the discretion of the trial court and is an act of grace, of clemency." Gailey v. State , 882 P.2d 888, 893 (Wyo. 1994) (quoting Minchew , 685 P.2d at 33 ). Under these circumstances, the district court did not abuse its discretion when it revoked Ms. Brumme's deferred judgment and probation and reinstated her full sentences.
[¶26] Affirmed.

Ms. Brumme also testified under oath during the initial probation revocation hearing that she resided with her boyfriend, although the timeframe was unclear:
THE COURT: ... Where are you living if you make bond?
MS. BRUMME: It's in Mountain View. I don't know the -- for sure the address because I was in the process -- actually, when I was arrested, I was in the process of getting a new house.
THE COURT: Who were you going to rent from?
MS. BRUMME: Their name is Andy and Nina Hart [sic ].
THE COURT: Who else would live there with you?
MS. BRUMME: It would be me and my boyfriend.
THE COURT: Who is your boyfriend?
MS. BRUMME: Adam Rhodes.