# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 22

OCTOBER TERM, A.D. 2020

February 2, 2021

PATRICK DEAN RAMOS,

Appellant
(Defendant),

v.

S-20-0144

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Goshen County*
*The Honorable Patrick W. Korell, Judge*

*Representing Appellant:*

> *Office of the State Public Defender: Diane M. Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.*

*Representing Appellee:*

> *Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Assistant Attorney General.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   Mr. Ramos argues the district court abused its discretion when it revoked his probation because the conduct constituting the violation was not willful.  We affirm.

## *FACTS*

[¶2]   In May 2018, a jury found Mr. Ramos guilty of two counts of possession of a controlled substance.  The district court sentenced Mr. Ramos to four to seven years imprisonment, suspended in favor of a split sentence of one year in jail, followed by five years of supervised probation.  In October 2019, the State moved to revoke Mr. Ramos' probation for the first time, and the court found he willfully violated his probation because he had not progressed in his treatment as required.[1]  The district court reinstated Mr. Ramos' probation for a term of three years and ordered that he be placed in an intensive supervised program.

[¶3]   In March 2020, the State again moved to revoke Mr. Ramos' probation.  It alleged he did not make consistent payments to the court, did not give his probation agent an updated phone number, failed to appear for a scheduled office visit with his probation agent, and admitted to methamphetamine use.  The district court found that the State did not meet its burden for the first two revocation grounds, thus, they are not part of the appeal.  We therefore address the district court's finding that Mr. Ramos willfully missed his February 11, 2020 appointment, and that he willfully used methamphetamine.

[¶4]   Mr. Ramos' probation agent, Marvin Habon, testified at the hearing that Mr. Ramos had in-office meetings every two weeks and had called on the evening of February 10, 2020, to ask if he could do his urinalysis the next day.  He did not show up for that meeting.  Mr. Ramos testified he is forgetful because of age, and he did not intend to miss the meeting.

[¶5]   With respect to methamphetamine use, Mr. Ramos' urinalysis came back presumptively positive for methamphetamine January 19, 2020.  Mr. Ramos submitted a written admission of methamphetamine use on January 23, 2020.  He argued that he only admitted to using methamphetamine because he believed he would receive an administrative sanction.  He had received administrative sanctions in the past for similar violations, and he claimed that Mr. Habon told him that his probation would not be revoked if he signed the admission.  The district court found that the State proved by a preponderance of the evidence that Mr. Ramos willfully violated his probation when he missed his meeting on February 11, 2020, and "used and admitted using

---

[1] The district court applied Mr. Ramos' 277 days of pretrial detention towards his split sentence, so he was released from jail less than a year after sentencing.

1

methamphetamine." It revoked Mr. Ramos' probation and imposed the underlying sentence. Mr. Ramos appealed.

## *STANDARD OF REVIEW*

[¶6]    We review a district court's decision to revoke probation for an abuse of discretion and will not reverse "unless the record demonstrates a clear abuse of discretion." *Sena v. State*, 2019 WY 111, ¶ 25, 451 P.3d 1143, 1149 (Wyo. 2019) (quoting *Brumme v. State*, 2018 WY 115, ¶ 11, 428 P.3d 436, 441 (Wyo. 2018)). While courts must afford the defendant due process and base decisions on justifiable facts, "all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that the defendant willfully violated a condition of his probation." *Stroble v. State*, 2020 WY 158, ¶ 8, 478 P.3d 649, 651 (Wyo. 2020) (citation omitted). "We view the evidence in the light most favorable to the district court's determination and uphold its factual findings unless they are clearly erroneous '[b]ecause the trial court heard and weighed the evidence, assessed witness credibility, and made the necessary inferences and deductions from the evidence.'" *Id*. (quoting *Brumme*, 2018 WY 115, ¶ 11, 428 P.3d at 441 (alteration in original) (emphasis omitted)).

## *DISCUSSION*

[¶7]    Courts employ a two-part process for probation revocation. *Stroble*, 2020 WY 158, ¶ 9, 478 P.3d at 651. The first part is the adjudicatory phase where the district court determines if the probationer violated the terms of his probation. *Id*. at ¶ 9, 478 P.3d at 651-52 (citing *Sena*, 2019 WY 111, ¶ 26, 451 P.3d at 1149). The State is required to prove the probation violation by a preponderance of the evidence. *Brumme*, 2018 WY 115, ¶ 12, 428 P.3d at 441. If the district court finds the State met its burden, it moves to the dispositional phase in which it determines the appropriate punishment. *Stroble*, 2020 WY 158, ¶ 9, 478 P.3d at 651-52.

[¶8]    Mr. Ramos argues that the district court abused its discretion when it found he willfully violated his probation by missing his appointment. He asserts that he did not intend to miss his appointment, he simply forgot. Willful means "'intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly.'" *Brumme*, 2018 WY 115, ¶ 23, 428 P.3d at 444 (quoting *Forbes v. State*, 2009 WY 146, ¶ 8, 220 P.3d 510, 513 (Wyo. 2009)). We view the evidence in the light most favorable to the district court's determination, *Brumme*, 2018 WY 115, ¶ 24, 428 P.3d at 444, and there is evidence in the record to support the finding that Mr. Ramos willfully skipped the appointment. Mr. Habon testified that Mr. Ramos knew of the meeting two weeks in advance, because his intensive supervised probation required bi-weekly meetings. Further, Mr. Ramos was aware of the scheduled meeting

the evening before when he called to ask if he could complete his urinalysis at the meeting the next day. The district court weighed this testimony against Mr. Ramos' assertion that he forgot the meeting and found that the evidence, particularly the phone call the day before, demonstrated he knew about the meeting and willfully failed to attend. This finding was not clearly erroneous.

[¶9]    Mr. Ramos next argues that the district court abused its discretion when it found he willfully violated his probation when he admitted to using methamphetamine. Mr. Ramos asserts his admission was not willful because he only admitted to using methamphetamine based on the mistaken belief he would receive an administrative sanction instead of revocation. Mr. Ramos misses the point. His methamphetamine use caused his revocation, not his admission. He does not dispute that his drug use was willful. Mr. Ramos admitted he used methamphetamine, and Mr. Habon testified that the admission was not coerced. The district court found Mr. Ramos willfully used and admitted to using methamphetamine and that finding was not clearly erroneous.

### *CONCLUSION*

[¶10]  The district court did not abuse its discretion when it held Mr. Ramos willfully violated his probation when he missed a meeting with his probation agent and used methamphetamine.