# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 114

OCTOBER TERM, A.D. 2021

October 14, 2021

DEWAYNE RAY FARTHING,

Petitioner,

v.

S-21-0052

THE STATE OF WYOMING,

Respondent.

*Petition for Writ of Certiorari*
*District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Petitioner:*
> Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

*Representing Appellee:*
> Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Kristen R. Jones, Assistant Attorney General.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]    Dewayne Ray Farthing contends the district court abused its discretion when it revoked his probation. We affirm.

## *FACTS*

[¶2]    In July 2018, the State charged Mr. Farthing with conspiracy to deliver methamphetamine. After accepting his guilty plea, the district court in Casper, Wyoming sentenced him to three to four years imprisonment but suspended his sentence on the condition that he successfully complete three years of supervised probation. The court imposed various probation terms and conditions in his judgment and sentence, including: "1. That [Mr. Farthing] be under the direct supervision of the Wyoming Department of Corrections, Probation and Parole, and shall obey that Department's rules and regulations."

[¶3]    The State petitioned to revoke Mr. Farthing's probation in February 2020.[1] In two separate allegations, the State claimed that Mr. Farthing had failed to report to his probation officer as directed since November 15, 2019[2] and failed to comply with a sanction his probation officer imposed in October 2019 that increased his reporting requirements for the next 60 days.[3] It asserted that both failures violated the condition in his judgment and sentence that required him to be under the supervision of the Department of Corrections, and to obey its rules and regulations.

[¶4]    Mr. Farthing's probation officer, Agent Andrew Gitlitz, testified at the March 2020 revocation hearing. Agent Gitlitz took over Mr. Farthing's case in June 2019, at which time Mr. Farthing was required to report at least once a month. At an October 10 meeting, however, due to missed report dates, Agent Gitlitz imposed a sanction that required Mr. Farthing to report in person every other week for the next 60 days. He explained to Mr. Farthing that if he needed to miss a report, he was to contact Agent Gitlitz to reschedule. After excusing Mr. Farthing from his October 25 reporting, Agent Gitlitz tried to arrange a home visit with Mr. Farthing in early November but could not reach him.

[¶5]    Agent Gitlitz testified that he heard nothing from Mr. Farthing until November 25, when he received a text message saying "I got to take my son somewhere safe right now his mom is being crazy and kicked us both out in the cold. I can[']t let him suffer. I[']ll

---

[1] The State also petitioned to revoke Mr. Farthing's probation in a separate burglary case based on the same alleged violations. Mr. Farthing admitted the probation violations in that case, after which the court revoked his probation and imposed a prison sentence. Mr. Farthing timely appealed that decision, and we affirmed. *See Farthing v. State*, 2020 WY 112, 469 P.3d 1214 (Wyo. 2020).

[2] Agent Gitlitz testified at the revocation hearing that this should have been November 25, 2019—the day he last heard from Mr. Farthing.

[3] The State also alleged that Mr. Farthing violated his probation when he got arrested for interference with a peace officer in January 2020. The State later withdrew that allegation.

1

let you know when I find out more." On November 27, Agent Gitlitz replied via a text message that said "[y]ou need to update me[.]" Agent Gitlitz again heard nothing from Mr. Farthing until January 2020. On January 14, Mr. Farthing sent a text message that said "[l]ife has been very chaotic this last month. Lots of change. I'll be back in town on Monday. To drop my son off. Will I be a[b]le to see you[?]" Agent Gitlitz did not know whether Mr. Farthing attempted to report that following Monday because it was a holiday and the probation office was closed. After that, Agent Gitlitz testified, he was unable to reply to Mr. Farthing and thought that maybe Mr. Farthing's phone was shut off.

[¶6] Mr. Farthing testified that he remembered Agent Gitlitz sanctioning him with increased reporting requirements in October 2019. Then he explained that when his fiancée kicked him out in November 2019, he and his son were homeless with no other option than to go stay with his sister in Rock Springs, Wyoming. The rest of Mr. Farthing's testimony was vague, and contradictory at times. He first testified that he did not contact Agent Gitlitz again until he brought his son back to Casper, and he could not remember when that was. He then said that he tried to call when he got to Rock Springs, but he could not remember whether he called the probation office or Agent Gitlitz directly, and he could not remember how many times he tried to call, but he believed he left a voice message.

[¶7] According to Mr. Farthing, he was in Rock Springs for "maybe two weeks" before coming back to Casper in early December so his son could see his mom, then he went back to Rock Springs "for a short time" before returning to Casper and getting an apartment— he said he could not recall the dates for these events. He also said he thought he last reported to Agent Gitlitz in November 2019, he was arrested on December 23 and/or January 28,[4] and he believed he tried to call Agent Gitlitz sometime in December and texted him sometime in December or January.

[¶8] At the close of the hearing, the court found that the State proved Mr. Farthing's probation violations by a preponderance of the evidence and further found that those violations were willful. The court revoked Mr. Farthing's probation and sentenced him to two and a half to three and a half years imprisonment with credit for time served.

[¶9] This matter is before us on a petition for writ of certiorari, which we granted after Mr. Farthing's counsel failed to file a timely appeal. *See Foote v. State*, 751 P.2d 884 (Wyo. 1988) (holding that certiorari is the appropriate remedy when counsel fails to file a timely appeal as requested).

---

[4] The record supports that Mr. Farthing was arrested for interference with a peace officer on January 28, 2020. It is not apparent from the record whether he was arrested in December 2019.

## STANDARD OF REVIEW

[¶10]   We review a district court's probation revocation decision for an abuse of discretion. *Ramos v. State*, 2021 WY 22, ¶ 6, 479 P.3d 777, 779 (Wyo. 2021) (citing *Sena v. State*, 2019 WY 111, ¶ 25, 451 P.3d 1143, 1149 (Wyo. 2019)).   Though the court "must afford the defendant due process and base decisions on justifiable facts, 'all that is necessary to uphold [the court's] decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that the defendant willfully violated a condition of his probation.'"   *Id.* (quoting *Stroble v. State*, 2020 WY 158, ¶ 8, 478 P.3d 649, 651 (Wyo. 2020)).   "We view the evidence in the light most favorable to the district court's determination and uphold its factual findings unless they are clearly erroneous '[b]ecause the trial court heard and weighed the evidence, assessed witness credibility, and made the necessary inferences and deductions from the evidence.'"   *Id.* (quoting *Stroble*, ¶ 8, 478 P.3d at 651).

## DISCUSSION

[¶11]

> Courts employ a two-part process for probation revocation. The first part is the adjudicatory phase where the district court determines if the probationer violated the terms of his probation.   The State is required to prove the probation violation by a preponderance of the evidence.   If the district court finds the State met its burden, it moves to the dispositional phase in which it determines the appropriate punishment.

*Id.* ¶ 7, 479 P.3d at 779 (internal citations omitted).   If the basis for the revocation is a violation of probation terms "not involving the payment of money, the violation must either be willful or threaten the safety of society."   *Miller v. State*, 2015 WY 72, ¶ 8, 350 P.3d 742, 745 (Wyo. 2015) (quoting *Sinning v. State*, 2007 WY 193, ¶ 10, 172 P.3d 388, 390 (Wyo. 2007)).   "A court may infer from the evidence presented that a probation violation was willful."   *Sena*, ¶ 27, 451 P.3d at 1149 (citation omitted).

[¶12]   Mr. Farthing contends the court erred by finding that he willfully violated his probation when he failed to report to Agent Gitlitz as required.   He asserts his violations were not willful, but rather that he was unable to report due to factors beyond his control. Whether Mr. Farthing's violations were willful is a question of fact we review for clear error. *See Miller*, ¶ 11, 350 P.3d at 745; *Ramos*, ¶ 6, 479 P.3d at 779. Viewing the evidence in the light most favorable to the district court's determination, we conclude the court's finding that Mr. Farthing's violations were willful was not clearly erroneous.

3

[¶13] Willful means "intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly." *Ramos*, ¶ 8, 479 P.3d at 779 (quoting *Brumme v. State*, 2018 WY 115, ¶ 23, 428 P.3d 436, 444 (Wyo. 2018)). Agent Gitlitz testified that he explained the increased reporting sanction to Mr. Farthing at their October 10, 2019. Mr. Farthing testified that he recalled being sanctioned at that meeting. Agent Gitlitz testified that after that meeting Mr. Farthing failed to report for the next three months. The only contact Agent Gitlitz received from Mr. Farthing were two text messages, almost two months apart, and neither provided a sufficient justification for Mr. Farthing's prolonged failure to report.

[¶14] Mr. Farthing argues that because he was homeless and had to travel to Rock Springs, Wyoming for basic housing for himself and his son, the district court erred when it found he willfully violated his probation. He fails, however, to explain why that situation kept him from reporting until mid-January. He testified that he only went to Rock Springs for two weeks before returning to Casper in early December, and that he went back and forth between the two locations before finally moving back to Casper. Though Mr. Farthing vaguely asserted that he attempted to contact Agent Gitlitz during that time, the court weighed those assertions against Agent Gitlitz's testimony and the text message evidence. To the extent Mr. Farthing's testimony conflicted with Agent Gitlitz's, the court plainly found Agent Gitlitz's testimony more credible. The court's willfulness finding was not clearly erroneous.

[¶15] Mr. Farthing also argues that his probation violations could not be found to be willful because it was unclear whether he understood his reporting requirements and there were no written instructions for his reporting requirements. He points to Agent Gitlitz's testimony that he could not be positive that Mr. Farthing understood that the October 2019 sanction required "face-to-face meeting[s.]" Yet Mr. Farthing testified that he recalled Agent Gitlitz explaining the sanction to him, and he understood he needed to "come in" to report. He also testified that he knew he could always reach out to Agent Gitlitz if he could not make a report date and needed to reschedule. Lastly, we are unaware of any authority, and Mr. Farthing has provided none, to suggest that probation reporting requirements must be in writing in order for the court to conclude a violation was willful.

[¶16] Affirmed.