# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 4

**OCTOBER TERM, A.D. 2024**

**January 3, 2025**

CLINT WAYNE HAMMELL,

Appellant
(Defendant),

v.                                                                      S-24-0161

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
   *Office of the State Public Defender: Brandon Booth\*, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Jeremy Meerkreebs, Assistant Appellate Counsel.*

*Representing Appellee:*
   *Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.*

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

\*An Order Substituting Brandon Booth for Ryan Roden was entered on October 10, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]   Clint Wayne Hammell appeals the district court's revocation of his probation, claiming that the district court erred in finding that his probation violations were willful. We affirm.

### ISSUE

[¶2]   The single issue on appeal is whether the district court abused its discretion when it revoked Mr. Hammell's probation.

### FACTS

[¶3]   In May 2023, Mr. Hammell pled guilty to felony possession of methamphetamine. The district court sentenced him to four to five years of imprisonment, suspended in favor of three years of supervised probation. The district court twice revoked Mr. Hammell's probation in November 2023 and February 2024, each time resuspending his sentence in favor of three years of supervised probation. Following the second revocation, the district court also ordered that he apply for an adult community corrections (ACC) program and complete the program if accepted. Mr. Hammell applied and was admitted to the Casper Re-Entry Center (CRC) in Casper, Wyoming.

[¶4]   The current revocation proceeding began in April 2024 when the State again petitioned to revoke Mr. Hammell's probation, alleging that on March 26, 2024, he failed to report to a scheduled appointment with his probation agent or return to the CRC, and was listed as an escapee later that evening. The district court held an evidentiary hearing on the petition. At the hearing, Mr. Hammell's probation agent testified that Mr. Hammell did not arrive for his scheduled appointment with her on March 26, and that she did not hear from him until after he was arrested on March 28. She further testified that he was terminated from the CRC as a result of his escape, making him unable to comply with his probation requirement that he complete an ACC program. The case manager supervisor at the CRC also testified. She stated that when she heard Mr. Hammell had missed his appointment with his probation officer, she learned that he had told CRC staff that he was having car troubles and claimed to have called probation and parole and told them the same. She also explained that later in the day, the staff called Mr. Hammell's employer and his emergency contact, neither of whom had heard from him that day. Finally, Officer Tyler Kauffman with the Casper Police Department testified that he located Mr. Hammell at an apartment in Casper on March 28 and arrested him.

[¶5]   In closing, the State argued that it had presented sufficient evidence that Mr. Hammell violated his probation by failing to report for his scheduled appointment and by being terminated from the ACC program he was required to complete. The State further argued that his violations were willful, noting that even if his car troubles were genuine,

he did not return to the CRC or make further attempts to contact anyone at the CRC or probation and parole in the two days prior to his arrest. Mr. Hammell responded that his car troubles represented "exigent circumstances that [were] not a willful violation." He also argued that the CRC could have imposed "lesser sanctions" and that his termination from the program was unnecessary.

[¶6]   The district court found that the State had shown by a preponderance of the evidence that Mr. Hammell had committed the two violations. The district court also found that Mr. Hammell's violations were willful, discounting his explanations of his car troubles and noting that he had a working phone, as evidenced by his initial conversation informing the CRC staff of his car troubles, but did not use that phone to arrange for transportation back to the CRC. The court revoked Mr. Hammell's probation and imposed the underlying sentence of four to five years with credit for time served. Mr. Hammell appealed.

## *STANDARD OF REVIEW*

[¶7]   "We review probation revocation decisions for an abuse of discretion." *Frederick v. State*, 2024 WY 121, ¶ 9, 559 P.3d 588, 592 (Wyo. 2024) (citing *Farthing v. State*, 2021 WY 114, ¶ 10, 496 P.3d 783, 786 (Wyo. 2021)). The district court's decision must be based on justifiable facts and afford the defendant due process, but will be upheld so long as it reflects a conscientious judgment, made after hearing all the facts, that the defendant willfully violated a probation condition. *Ramos v. State*, 2021 WY 22, ¶ 6, 479 P.3d 777, 779 (Wyo. 2021). "We view the evidence in the light most favorable to the district court's determination and uphold its factual findings unless they are clearly erroneous because the trial court heard and weighed the evidence, assessed witness credibility, and made the necessary inferences and deductions from the evidence." *Id.* (internal quotation marks and brackets omitted) (quoting *Stroble v. State*, 2020 WY 158, ¶ 8, 478 P.3d 649, 651 (Wyo. 2020)).

## *DISCUSSION*

[¶8]   Probation revocation is a two-part procedure. *Ramos*, 2021 WY 22, ¶ 7, 479 P.3d at 779. In the adjudicatory phase, the State is required to prove by a preponderance of the evidence that the defendant has violated a term of his probation. *Id.* If a violation is proven, the court must next determine the appropriate punishment in the dispositional phase. *Id.* "Ordinarily, revocation is justified only when the violation was willful, a determination the court makes during the dispositional phase." *Brumme v. State*, 2018 WY 115, ¶ 12, 428 P.3d 436, 441 (Wyo. 2018) (citing *Forbes v. State*, 2009 WY 146, ¶ 8, 220 P.3d 510, 513 (Wyo. 2009); *Edrington v. State*, 2008 WY 70, ¶ 7, 185 P.3d 1264, 1267 (Wyo. 2008)).

[¶9]   Mr. Hammell does not contest the district court's finding that he violated two conditions of his probation. Instead, he contends that the district court unreasonably found that his violations were willful and that a conscientious review of the evidence does not support such a finding. Specifically, he argues that his alleged probation violations occurred on March 26, but the State improperly relied on his actions on March 27 and 28 to show that his violations were willful. These contentions overlook our standard of review and the reasonable inferences made by the district court in this case.

[¶10]   "Whether a probation violation was willful is a question of fact, and we will not disturb the district court's determination unless such determination is clearly erroneous." *Brumme*, 2018 WY 115, ¶ 23, 428 P.3d at 444 (citing *Robinson v. State*, 2016 WY 90, ¶ 46, 378 P.3d 599, 611 (Wyo. 2016)). A violation is willful if it is done "intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly." *Brumme*, 2018 WY 115, ¶ 23, 428 P.3d at 444 (quoting *Forbes*, 2009 WY 146, ¶ 8, 220 P.3d at 513). "A court may infer from the evidence presented that a probation violation was willful." *Farthing*, 2021 WY 114, ¶ 11, 496 P.3d at 786 (quoting *Sena v. State*, 2019 WY 111, ¶ 27, 451 P.3d 1143, 1149 (Wyo. 2019)).

[¶11]   Mr. Hammell did not present evidence at his hearing. The State's evidence showed that Mr. Hammell left for work in the morning, informed CRC staff that he was running late to his appointment due to vehicle issues, and was then not seen or heard from for two days before he was arrested. The district court specifically stated that it was "not persuaded at all with the explanations about car trouble" and found that Mr. Hammell's violations were willful. It explained that his failure to contact anyone or seek transportation back to the CRC indicated willfulness, as did police finding him at an apartment two days later, apparently there of his own free will.

[¶12]   Viewing the evidence in the light most favorable to the district court's decision, its finding that Mr. Hammell's violations were willful was not clearly erroneous. *Ramos*, 2021 WY 22, ¶ 6, 479 P.3d at 779. The district court reasonably inferred from Mr. Hammell's actions and inactions from March 26 to March 28 that he acted willfully on March 26, and that finding is supported by the record. *Cf. Brumme*, 2018 WY 115, ¶ 24, 428 P.3d at 444 (affirming the district court's finding that the defendant willfully missed her urinalysis appointment, because even though the defendant's boyfriend testified that he took the couple's only vehicle on the day of the appointment, the defendant did not contact her probation officer or arrange for alternate transportation). [1]

_____

[1] Mr. Hammell also argues that he was listed as an escapee at 3:30 PM on March 26, giving him very little time to remedy his vehicle situation after missing his 2:15 PM appointment and indicating that his failure to return to the CRC was not willful. However, as the State points out, it was his probation agent's report that stated that he was listed as an escapee at 3:30 PM, while the CRC's records indicated that he was not listed as an escapee until 5:30 PM, half an hour after he was supposed to be back at the CRC for

## *CONCLUSION*

[¶13]  The district court's finding that Mr. Hammell willfully violated the terms of his probation was not clearly erroneous, and thus the district court did not abuse its discretion when it revoked Mr. Hammell's probation. Affirmed.

---

the night. Moreover, the district court's finding of willfulness looked not only to Mr. Hammell's absence but also his failure to communicate with his probation agent and CRC staff until he was arrested.