# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 80

**APRIL TERM, A.D. 2025**

**July 17, 2025**

ANDREW MICHAEL HANSON,

Appellant
(Defendant),

v.                                                              S-25-0020

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
   Brandon Booth, State Public Defender, Kirk A. Morgan, Chief Appellate Counsel, H. Michael Bennett, Senior Assistant Public Defender.

*Representing Appellee:*
   Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General, Donovan Burton, Assistant Attorney General.

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Chief Justice.**

[¶1]    Andrew Michael Hanson challenges the sufficiency of the evidence supporting his convictions for burglary and felony theft. He contends for both convictions the State presented insufficient evidence to establish he acted without authority. We affirm.

## *ISSUE*

[¶2]    We rephrase the issue as:

> Did the State present sufficient evidence for the jury to reasonably conclude beyond a reasonable doubt that Appellant acted without authority?

## *FACTS*

[¶3]    On October 10, 2023, a detective from the Cheyenne Police Department arrived at the Swagger Construction building to investigate a reported break-in and vehicle theft that occurred overnight. The detective spoke with the project manager for Swagger Construction who identified several missing items, including a stolen company truck and flatbed trailer. The project manager also showed the detective where the suspect had written "Claim Ins," short for claim insurance, across a calendar in the office. The project manager further indicated the company's security system was missing the security camera footage. The detective also spoke with the owner of Swagger Construction who confirmed the identified missing property belonged to the company.

[¶4]    Later that day, law enforcement located the stolen trailer on someone's property. The detective went to the location and observed the trailer with the company logo and tools, equipment, and a Jeep loaded onto it. He learned the Jeep was registered to Appellant. The owner of Swagger Construction arrived at the scene and confirmed the trailer and tools loaded onto it belonged to him but indicated he did not own the Jeep and did not give anyone permission to place the Jeep on the trailer.

[¶5]    On the same day, another officer arrested Mr. Hanson for leaving the scene of an accident while driving a Swagger Construction truck. Mr. Hanson told the arresting officer he had permission to use the truck but did not identify the person who gave him permission. The detective searched the stolen Swagger Construction truck and found some of the missing items along with the missing security footage. The detective watched the security footage which showed various angles of the burglary occurring around one o'clock in the morning on October 10. The footage showed a person walking around the

1

building, looking inside the windows, entering feet first through a window, and walking through the building with a flashlight while collecting items. The detective identified Mr. Hanson as the person in the footage because Mr. Hanson was wearing the same distinct shoes in the video as he was wearing at the time of his arrest.

[¶6]    The State charged Mr. Hanson with burglary and felony theft. At trial, the State called the arresting officer, the project manager, and the detective. The State also introduced the security camera footage into evidence. After the State finished presenting evidence, Appellant moved for a judgment of acquittal, arguing the State failed to present evidence he was without authority to enter the Swagger Construction building or possess the property belonging to the company. The district court denied the motion. Mr. Hanson did not present a defense. The jury found Mr. Hanson guilty on both counts. The court sentenced Mr. Hanson to two to four years of incarceration suspended in favor of three years of probation. This appeal followed.

## DISCUSSION

[¶7]    We review a challenge to the sufficiency of the evidence under the following standard:

> [w]e assume that the State's evidence is true, disregard any evidence favoring the defendant, and give the State the benefit of every favorable inference that may reasonably be drawn from the evidence. After examining the State's evidence, whether direct or circumstantial, we do not substitute our judgment for that of the jury, but instead, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. Furthermore, we defer to the jury as the fact-finder, and assume the jury believed only the evidence adverse to the defendant since they found the defendant guilty beyond a reasonable doubt. Ultimately, our standard of review is not whether the evidence is sufficient for us, but whether, when viewed favorably to the state, it was enough on which a jury could form a reasonable inference of guilt beyond a reasonable doubt.

*Munoz v. State*, 2024 WY 103, ¶ 8, 556 P.3d 238, 240 (Wyo. 2024) (quoting *Hultberg v. State*, 2024 WY 59, ¶ 12, 549 P.3d 759, 761 (Wyo. 2024)).

[¶8]   Wyo. Stat. Ann. § 6-3-301(a) states: "A person is guilty of burglary if, ***without authority***, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit theft or a felony therein." (Emphasis added). Further, Wyo. Stat. Ann. § 6-3-402(a)(i) states:

> (a) A person is guilty of theft if he knowingly takes, obtains, procures, retains or exercises control over or makes an unauthorized transfer of an interest in the property of another person ***without authorization*** . . . and he:
>
> (i) Intends to deprive the other person of the use or benefit of the property[.]

(Emphasis added). Mr. Hanson does not dispute that he entered the Swagger Construction building and took property belonging to the company. Instead, he argues the State presented insufficient evidence that he did so without authority because it failed to call the owner of Swagger Construction to testify that Mr. Hanson lacked permission to enter the building, remove the items, and drive away with the company truck and flatbed trailer. Mr. Hanson thus argues the State presented no direct evidence to support that he performed these acts without authority and relied only on circumstantial evidence.

[¶9]   It is of no moment whether the State presented direct or circumstantial evidence to support Mr. Hanson's convictions. *Whitmore v. State*, 2024 WY 81, ¶ 29, 552 P.3d 828, 834 (Wyo. 2024). This Court has regularly held "[t]he State may meet its burden through reasonable inferences drawn from indirect or circumstantial evidence." *Stroble v. State*, 2020 WY 158, ¶ 11, 478 P.3d 649, 652 (Wyo. 2020) (quoting *Brumme v. State*, 2018 WY 115, ¶ 21, 428 P.3d 436, 443 (Wyo. 2018)); *see also Berry v. State*, 2023 WY 75, ¶ 33, 533 P.3d 474, 484 (Wyo. 2023) ("Proof of each element of a crime can be [established] by either direct or circumstantial evidence, and circumstantial evidence includes inferences reasonably drawn from the evidence.") (quoting *Beane v State*, 596 P.2d 325, 327 (Wyo. 1979)).

[¶10] The record demonstrates the State presented strong circumstantial evidence from which the jury could reasonably infer Mr. Hanson entered the building and took the company's property without authority. First, the project manager testified he locked the Swagger Construction building on the evening of October 9 and arrived the next morning, finding several items "missing," including a company truck and flatbed trailer. The project manager indicated the security camera footage was also missing and that someone scribbled "Claim Ins," short for claim insurance, on his calendar. He stated he had not contacted Mr. Hanson at any point in time.

[¶11] Next, the security camera footage showed that on October 10 at between one o'clock and two o'clock in the morning a person was walking around the building and

3

looking into windows. The person entered the building feet first through a window and walked around in the dark with a flashlight collecting various items. The detective testified that he found this footage in the Swagger Construction truck Mr. Hanson had in his possession. He identified Mr. Hanson as the person in the security footage based on Mr. Hanson's distinctive Nike shoes which he was wearing at the time of his arrest.

[¶12] The detective also testified that the owner of Swagger Construction confirmed what items were missing from the building and, when law enforcement found the flatbed trailer, confirmed the trailer and items found at the scene belonged to him. The detective testified the owner also stated the Jeep loaded onto the trailer did not have his permission to be there. Mr. Hanson challenges this testimony, arguing it is inadmissible hearsay that cannot be used to establish sufficient evidence he was without authority to enter the building and take the company property.

[¶13] Mr. Hanson misunderstands our standard of review. When we review a challenge to the sufficiency of the evidence, "we examine the evidence that the jury was entitled to consider and that supports its verdict." *Neidlinger v. State*, 2021 WY 39, ¶ 31 n.1, 482 P.3d 337, 346 n.1 (Wyo. 2021) (*Morones v. State*, 2020 WY 85, ¶ 8, 466 P.3d 300, 303 (Wyo. 2020) ("We review a claim of sufficiency of the evidence by determining 'whether any rational trier of fact could have found that the essential elements of a charged crime were proven beyond a reasonable doubt **on the evidence presented**.'" (emphasis added) (quoting *Gonzalez-Chavarria v. State*, 2019 WY 100, ¶ 22, 449 P.3d 1094, 1099 (Wyo. 2019)). "If evidence comes in without objection or a request for a limiting instruction, the jury may use it for any legitimate purpose." *Neidlinger*, 2021 WY 39, ¶ 31, 482 P.3d at 346 (citing *Hicks v. State*, 2021 WY 2, ¶ 31, 478 P.3d 652, 661 (Wyo. 2021)). Mr. Hanson's trial counsel did not object to the detective's statements or request a limiting instruction. As a result, the jury was permitted to consider the statements as substantive evidence, and this Court may consider them to support the jury's verdict. *See id.*

[¶14] Viewing the evidence in a light most favorable to the State, the record shows Appellant entered a secured building at night through a window, took several items, including the security footage showing him conducting these activities, wrote out a reference to claims insurance on the project manager's calendar, drove off with a Swagger Construction truck and flatbed trailer loaded with the removed items, and did so without the property owner's permission. These facts provide sufficient evidence for the jury to reasonably infer that Mr. Hanson acted without authority. *Munoz*, 2024 WY 103, ¶ 8, 556 P.3d at 240. The State therefore presented sufficient evidence to support Mr. Hanson's convictions for burglary and felony theft. Affirmed.